**William Joseph KAHN, Appellant,**

v.

**Anita Ruth KAHN, Appellee.**

No. 3–90–120–CV.

Court of Appeals of Texas, Austin.

July 24, 1991.

Rehearing Overruled Sept. 18, 1991.

Jesse Carrillo, Austin, for appellant.

Joe D. Milner, Michael B. Newman & Associates, Houston, for appellee.

Before CARROLL, C.J., and JONES and SMITH, JJ.

CARROLL, Chief Justice.

This is a divorce case. The husband challenges, among other things, the trial court's order of lump sum child support. We will reverse the judgment in part and affirm it in part.

## BACKGROUND

The trial court's order in this case represents a sincere, thoughtful effort to divide community property in a manner that is just and right and that avoids the harsh consequences of the discharge of a property award in bankruptcy.

In September 1989, appellee, the wife, filed for divorce from appellant, the husband. About ten days later, the trial court signed an agreed temporary order which enjoined both parties from "selling, transferring, assigning, mortgaging, [or] encumbering" any of the parties' property. The order also required the parties to inform each other of changes of address.

A few weeks later, the husband moved from Texas to Florida, abandoning the wife and their two children. In violation of the

temporary order, he removed some $39,000 in cash as well as a van and a Porsche automobile, together valued at $20,000. Before leaving Austin, the husband secreted the couples' personal papers and financial records. He left the wife with little cash, a $2,000 monthly mortgage payment, an automobile in which there was no equity, and miscellaneous debts.

The wife sought and obtained a second temporary order directing the husband to deliver $24,000 in cash to his attorney, to be held in trust pending a final order in the cause. The court also ordered the husband to deliver to his attorney title to the two automobiles he had removed from the state. The husband ignored the order to deliver the vehicle titles. The record does not reveal whether he delivered the money to his attorney, who withdrew from the case about a week before trial.

At the hearing on the merits, the wife testified that the husband was intentionally unemployed and that his earning potential was between $120,000 and $165,000 annually. She related that, instead of seeking employment, he chose to play golf and tennis and to smoke marijuana. She also testified that the husband had never given her his address or telephone number in Florida or delivered the titles to the two vehicles. In fact, he sold one of the vehicles and purported to have spent a substantial amount of the cash, in violation of the temporary orders. The wife further related that the husband had threatened to file bankruptcy once the divorce proceedings were finished because "he wanted to see her fail."

The wife sought the return of the cash and the cash value of the automobiles that the husband had taken to Florida. The basis for her request was that she needed the money to cover an anticipated deficiency from the sale of the couples' Austin residence. She asked the court to structure $39,000 of the requested property award as lump sum child support so that the husband could not discharge the obligation in bankruptcy. The husband did not appear either in person or through an attorney at the trial.

The trial court modified the judgment in this case after a hearing on the husband's motion for new trial. As modified, the court's order awarded the wife the majority of the property. The court also named the wife managing conservator and the husband possessory conservator of the children, and ordered the husband to pay $2,400 monthly child support. In addition, and pursuant to the wife's request, the court ordered the husband to make a lump sum child support payment of $39,000.

The husband appeals the provisions of the decree regarding the division of property, child support, and visitation. We will address only the husband's contention that the trial court abused its discretion in ordering the lump sum child support.

## DISCUSSION

The question in this case is whether the trial court had good cause for ordering the lump sum child support. A trial court may order a parent to pay child support in a lump sum if good cause is shown. Tex.Fam.Code Ann. § 14.05(a) (Supp.1991) [1989 Tex.Gen.Laws, 1st C.S., ch. 25, § 13, at 78]. No Texas appellate court has addressed the definition of "good cause" under § 14.05(a). We believe that "good cause" contemplates, at a minimum, a connection between the award and the needs of the child or children to be supported.

No such connection exists in this case. The trial court was faced with facts that may have supported an award of $39,000 to the wife as part of the division of marital property. Pursuant to the wife's emphatic request, the trial court instead awarded the $39,000 as child support in an attempt to prevent the husband from discharging the obligation in bankruptcy. See 11 U.S.C.A. 523(a)(5) (Supp.1991) (nondischargeability of child support); compare In re Smith, 97 Bankr. 326, 329–29 (N.D.Tex.1989) (reviewing dischargeability of property awards). The trial court's order does not even credit the lump sum award against the husband's periodic child support obligations. We conclude that "good cause" does not encompass the threat that the obligee will discharge a marital property award in bank-

ruptcy. Therefore, we must conclude that the trial court abused its discretion in ordering the husband to make a lump sum child support payment.

The wife argues that the husband's violation of the trial court's temporary orders demonstrates sufficient untrustworthiness to justify the lump sum award. An obligee's misconduct may support a lump sum award under the conditions addressed below. In this case, however, the record reveals that the court relied on the threat of bankruptcy, not the husband's actions, to craft this lump sum award. No authority exists for the trial court's approach.

### CONCLUSION

We are sympathetic to the plight of a former spouse who fears a major portion of her former spouse's obligation to deliver property awarded to her will be discharged in bankruptcy. Unfortunately, we can find no authority for ordering lump sum child support to avoid this eventuality. Under these circumstances, we must reverse the trial court's judgment.

The wife testified, in a hearing on the husband's affidavit of inability to pay costs on appeal,[1] that the husband was in arrears on his periodic child support payments. If, on remand, the wife shows that the husband is still delinquent on his periodic child support payments, a lump sum award may be appropriate to cover both delinquent and future payments of child support.

The husband's first point of error is sustained. Because the issues of property division, child support, and visitation in the divorce decree are interrelated, we will reverse these aspects of the decree and remand the cause to the trial court for further proceedings on these issues only. We need not address the husband's remaining points of error, and we affirm the trial court's judgment in all other respects. *See* Tex.R.App.P.Ann. 90(a) (Pamph.1990).

---

**1.** The husband did not appear at this or any other hearing. The trial court overruled his motion.