NO. 07-03-0289-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 30, 2004

_____

IN THE MATTER OF THE MARRIAGE OF
JACKIE L. STEIN AND CRAIG H. STEIN
AND IN THE INTEREST OF
BROOKE L. STEIN AND TYLER W. STEIN, MINOR CHILDREN

_____

FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;

NO. 02-11-3757; HONORABLE STEVEN EMMERT, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

Following a non-jury trial, Jackie L. Stein[1] challenges those portions of the final

decree of divorce (1) naming Craig H. Stein and her as joint managing conservators of their

_____

[1]The final decree of divorce granted Jackie's request for her name to be changed to Jackie Stulken and many documents contained in the record are so styled. For the sake of clarity, however, we will refer to her as Jackie.

children; (2) designating Craig as the primary joint managing conservator with the exclusive right to establish the primary residence of the children; and (3) ordering her to pay child support. Jackie contends by her first issue that the trial court erred by finding there was no credible evidence presenting a history or pattern of past or present physical abuse by Craig against her. By her second issue, Jackie maintains the trial court abused its discretion in appointing the parties as joint managing conservators in the face of such credible evidence. For the following reasons, we reverse and remand in part and affirm in part.

Jackie and Craig began dating in 1997. Shortly before the birth of their daughter, the couple began living together. Jackie and Craig's son was born in February of 2001, and they were married the following fall. In February of 2002, the Lipscomb County Court, finding that Craig had committed family violence, entered a protective order against him for the benefit of Jackie and the children. Jackie filed for divorce on November 13, 2002. The following day, after Craig pleaded no contest, the Lipscomb County Court found him guilty of violating the protective order.

In her original petition for divorce, Jackie presented a "Protective Order Statement" and attached as an exhibit to the petition a copy of the protective order. At the trial in February of 2003, Jackie offered, and the court admitted, into evidence a certified copy of the judgment and sentence reflecting Craig's conviction for violation of the protective order. In addition, through their trial testimony, Jackie and Craig acknowledged they committed family violence against each other during the course of their tumultuous relationship. Most

significant, Craig conceded that on one occasion he dragged Jackie across the room by her hair. Correspondingly, Jackie admitted the hair-dragging incident occurred after she hit Craig with a hammer in an effort "to get his attention." Thus, although none of the acts of violence resulted in any injuries requiring medical treatment, the record presents undisputed evidence of past physical abuse by one parent against the other. That evidence notwithstanding, at the conclusion of the trial, the court announced:

> The Court makes the finding that there's not a history or pattern of past or present child neglect or physical or sexual abuse by one parent . . . directed against the other parent, spouse or a child. And the Court finds that to be in the best interest of the children. . . . [2]

Following that announcement, the trial court declared Craig and Jackie to be joint managing conservators of their children.

Upon Jackie's request, the trial court entered, as pertinent to this appeal, the following findings of fact and conclusions of law:

\* \* \*

5. It is in the best interest of the children that [Jackie] and [Craig] be appointed Joint Managing Conservators of the children.

6. There is no credible evidence presenting a history or pattern of child neglect, sexual abuse or physical abuse by one parent directed against the other parent, a spouse or a child.

---

[2]Jackie and Craig agree that none of the family violence was directed at their children.

3

7.    [Craig] is a person fit to be appointed a parent joint managing conservator with the exclusive right to establish the primary residence of the children without regard to geographic location.

8.    [Jackie] is a person fit to be appointed a parent joint managing conservator.

* * *

11.    That a protective order was entered against [Craig] for the protection of [Jackie]. Three days after the protective order was entered, the parties again lived together for a period of more than five months.

12.    Any finding of fact that is a conclusion of law shall be deemed a conclusion of law.

In June of 2003, Jackie filed her notice of appeal to this Court.

By her first issue, Jackie contends the trial court erred when it found there was no credible evidence presenting a history or pattern of past or present physical abuse by Craig against her. Jackie argues, in other words, the critical issue is "whether credible evidence presenting a history or pattern of past or present physical abuse by [Craig] against [Jackie] was presented at trial." With her second issue, Jackie maintains the trial court abused its discretion by appointing the parties joint managing conservators when such credible evidence was presented. Because the two issues advance questions of law, and because

4

our disposition of the first issue controls our disposition of the second, we will discuss the issues contemporaneously.

## Trial Court Discretion

Well established Texas law affords the trial court with wide latitude in determining the best interest of minor children, and the decision of the trial court will be reversed only when it appears from the record as a whole that the court has abused its discretion. Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982). That discretion, however, is now subject to the provisions of section 153.004 of the Family Code, which applies when there is a history of domestic violence within the family. (Vernon 2002).[3] Specifically, the Family Code provides, in pertinent part:

(a)     In determining whether to appoint a party as a sole or joint managing conservator, the court shall consider evidence of the intentional use of abusive physical force by a party against the party's spouse . . . committed within a two-year period preceding the filing of the suit or during the pendency of the suit.

(b)     The court may not appoint joint managing conservators if credible evidence is presented of a history or pattern of past or present child neglect, or physical or sexual abuse by one parent directed against the other parent, a spouse, or a child . . . .

---

[3]We recognize the most recent edition of the statute is located in a cumulative pocket part; however, because that version is different from the one under which the parties operated at trial, we will refer, instead, to the bound volume. *Cf.* Tex. Fam. Code Ann. § 153.004 (Vernon 2002) *with* Tex. Fam. Code. Ann. § 153.004 (Vernon Supp. 2004).

5

Tex. Fam. Code Ann. § 153.004 (a) & (b) (Vernon 2002).

**Findings of Fact and Conclusions of Law**

Next, we notice the trial court's designation of a finding of fact or conclusion of law is not controlling on appeal. *See* Ray v. Farmers State Bank of Hart, 576 S.W.2d 607, 608 n.1 (Tex. 1979). The trial court's finding number six that "there is no credible evidence presenting a history or pattern of child neglect, sexual abuse or physical abuse" is similar to a finding that Jackie "failed to prove" certain elements. *Cf*. Williford v. Submergible Cable, 895 S.W.2 379, 383 (Tex.App.–Amarillo 1994, no writ) (such a negative answer means the party with the burden of proof has failed to carry the burden). Because the evidence of physical abuse was undisputed, we conclude finding number six constitutes a conclusion by the trial court that, as a matter of law, Jackie failed to prove her claim that physical abuse had occurred. *Cf*. Sandoval v. Hartford Cas. Ins. Co., 653 S.W.2d 604, 607 (Tex.App.–Amarillo 1983, no writ) (where the testimony of a witness, even an interested one, is clear, direct, positive, and uncontradicted by any other witness or attendant circumstances, it is taken as true as a matter of law). We will, therefore, review the trial court's conclusion of law *de novo.* In re Humphreys, 880 S.W.2d 402, 403 (Tex. 1994), *cert. denied,* 513 U.S. 964, 115 S. Ct. 427, 130 L. Ed. 2d 340 (1994). That conclusion will be set aside if it is erroneous as a matter of law. Benedictine Sisters of the Good Shepard v. Ellison, 956 S.W.2d 629, 631 (Tex.App.–San Antonio 1997, pet. denied).

6

## Analysis

The Legislature did not define the terms history or pattern when it enacted section 153.004 of the Family Code. However, where, as here, the statute is clear and unambiguous, the rules of statutory construction are inappropriate, and the statute should be given its plain meaning. Cail v. Service Motors Inc., 660 S.W.2d 814, 815 (Tex. 1983). In common usage, the term history is defined as "events that form the subject matter of a history" or "events of the past." Merriam-Webster's Collegiate Dictionary 549 (10th Ed. 2002). From that definition we deduce that, although a single act of violence or abuse may not constitute a pattern, it can amount to a history of physical abuse.[4] *Cf.* Tex. Fam. Code Ann. §153.004 (b) (Vernon 2002) (providing "a *history* of sexual abuse includes *a* sexual assault that results in the other parent becoming pregnant with the child") (emphasis added). Considering the record before us, we conclude that, because the acts of physical abuse were either conceded by the parties or revealed by other uncontradicted testimony at trial, as a matter of law credible evidence was presented of a history of physical abuse by one parent against the other parent. *Cf.* Texas & N.O.R. Co. v. Burden, 203 S.W.2d 522, 530 (Tex. 1947) (where there is evidence upon an issue, and there is no evidence to the contrary, the fact finder does not have the right to disregard the undisputed evidence and decide the issue in accordance with his wishes). The trial court's conclusion of law to

---

[4]Our holding related to the history of physical abuse presented under the facts of this case precludes a determination of whether, under a different set of circumstances, a single act of violence could constitute a pattern under the terms of the statute.

7

the contrary is erroneous as a matter of law. *Benedictine Sisters*, 956 S.W.2d at 631.[5]

Therefore, because the Family Code prohibits the appointment of joint managing conservators where a history of physical abuse is presented, the trial court abused its discretion in so designating Jackie and Craig. Jackie's first and second issues are sustained.

Accordingly, we reverse that portion of the trial court's judgment relating to conservatorship, possession, and child support, and remand those issues to the trial court for further proceedings. In all other aspects, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

---

[5]In reaching this conclusion, we have not overlooked Craig's reliance upon Burns v. Burns, 116 S.W.3d 916 (Tex.App.–Dallas 2003, no pet.). However, we deem that case to be factually distinguishable from the one at hand. In *Burns*, the evidence of physical violence was conflicting, and the protective order at issue in the case seemingly was never brought to the attention of the trial court.