

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00028-CV

_____

## IN THE INTEREST OF D.J.E. AND L.T.E., CHILDREN

_____

**From the 378th District Court**
**Ellis County, Texas**
**Trial Court No. 74459D**

_____

## MEMORANDUM  OPINION

_____

Dana (Ewton) Barnes appeals from an order granting a motion to modify the parent-child relationship which gave John Timothy ("Tim") Ewton the right to establish the domicile of their children, D.J.E. and L.T.E., and ordered her to pay child support and attorney's fees.  Dana complains that the evidence was legally and factually insufficient to support the trial court's findings of fact and conclusions of law.  We affirm the judgment of the trial court.

*Procedural History*

Dana and Tim were divorced on February 29, 2008.  The agreed divorce decree named the parties as joint managing conservators with Dana having the exclusive right

to establish the children's domicile and Tim having expanded standard possession. Tim was ordered to pay child support to Dana.

In December of 2009 Tim filed a petition to modify the divorce decree seeking to be named the conservator with the right to establish the children's domicile and injunctions to prevent Dana from taking certain actions relating to the children. In January of 2010 Dana filed a counterpetition seeking to be named the sole managing conservator of the children, for supervised visitation, and for increased child support.

The trial court ordered that a social study be prepared by Nancy Stark at the temporary orders hearing. The social study was prepared and filed with the trial court in October of 2010 and supplemented in November of 2011 after Tim's marriage to Kim Ewton. The social study recommended a split visitation schedule of one week with one parent, the next week with the other parent, and so on. Stark further recommended that if the trial court did not find that visitation schedule appropriate that Tim should be named the conservator with the right to establish the children's domicile.

Almost immediately after the social study was initially filed Dana demanded a jury trial. In April of 2011 Dana amended her pleadings to delete most of her previously requested relief leaving a request for slight changes in possession and access as well as a request for an increase in child support. That month Dana also withdrew her jury demand.

The final hearing took place over several days in November of 2011 and the trial court rendered judgment that the modification requested was granted and Tim was named the conservator with the right to establish the children's domicile, several injunctions against Dana and Tim were entered, and Dana was ordered to pay child support and provide health insurance.

*Sufficiency of the Evidence*

Each of Dana's nine issues complains that the evidence was legally or factually insufficient to support the judgment of the trial court. Dana complains that the evidence was legally and factually insufficient for the trial court to have given Tim the right to establish the domicile of the children, other rights to be exclusively given to Tim, and to have given her a modified standard possession order (Issues One and Two). Dana also complains that the evidence was legally and factually insufficient for the trial court to have found that she had denied Tim possession of the children on multiple occasions, that the testimony of the court-appointed expert was credible, and that it was in the best interest of the children for her to pay child support to Tim (Issues Three and Four). Dana's challenge to the award of child support does not complain of the amount being improper or incorrect but that it was improper to order her to pay support at all because of the insufficiency of the evidence as otherwise complained of in her brief. Dana further complains that the evidence was legally and factually insufficient to support the award of attorney's fees (Issues Five and Six). Dana also complains that the

evidence was factually insufficient for the trial court to have entered permanent injunctions against Dana (Issue Seven). Dana finally complains that the evidence was legally and factually insufficient to support the trial court's conclusions of law (Issues Eight and Nine). We will address these issues jointly as much as possible.

*Standard of Review for Modification of Conservatorship*

The trial court may modify an order that provides for the appointment of a conservator of a child, that provides the terms and conditions of conservatorship, or that provides for the possession of or access to a child if modification would be in the best interest of the child and the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed. TEX. FAM. CODE ANN. § 156.101 (West 2008). The trial court has wide latitude in determining the best interest of a child, and the decision of the trial court will be reversed only when it appears from the record as a whole that the trial court has abused its discretion. *In re Marriage of Stein*, 153 S.W.3d 485, 488 (Tex. App.—Amarillo 2004, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner, or when it acts without reference to any guiding rules or principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991).

Under this standard of review, legal and factual sufficiency of the evidence are not independent grounds for asserting error but are relevant factors in assessing whether the trial court abused its discretion. *Seidel v. Seidel*, 10 S.W.3d 365, 368 (Tex.

App.—Dallas 1999, no pet.). In determining whether there has been an abuse of discretion because the evidence is legally or factually insufficient to support the trial court's decision, we consider whether the court had sufficient information upon which to exercise its discretion and whether it erred in its application of that discretion. *In re M.M.M.*, 307 S.W.3d 846, 849 (Tex. App.—Fort Worth 2010, no pet.). "The traditional sufficiency review comes into play with regard to the first question. With regard to the second question, we determine, based on the elicited evidence, whether the trial court made a reasonable decision." *In re W.M.*, 172 S.W.3d 718, 725 (Tex. App.—Fort Worth 2005, no pet.) (footnote omitted).

It is for the trier of fact to draw inferences from the evidence, resolve conflicts in the evidence, and judge the credibility of witnesses. *City of Keller*, 168 S.W.3d at 819-21; *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792, 796 (Tex. 1951). Furthermore, the trial court faces the parties and the witnesses, observes their demeanor and personality, and feels the forces, powers, and the influences that cannot be discerned by merely reading the record. *In re Marriage of Bertram*, 981 S.W.2d 820, 826 (Tex. App.—Texarkana 1998, no pet.). When a trial court is presented with conflicting evidence, it may believe one witness and disbelieve others. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). The trial court is in a better position to analyze the facts, weigh the virtues of the parties, and determine what will be in the best interest of a child. *Id.*

The best interest of the child is always the primary consideration in determining issues of conservatorship, possession of and access to the child, and child support. TEX. FAM. CODE ANN. § 153.002 (West 2008); *In re J.A.H.*, 311 S.W.3d at 541. In determining the best interest of the child, we consider the public policies outlined in the family code which are to (1) assure that children will have frequent and continuing contact with parents who have shown an ability to act in the best interest of the child, (2) provide a safe, stable, and nonviolent environment for the child, and (3) encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage. TEX. FAM. CODE ANN. § 153.001(a)(1)-(3) (West 2008).

There are no rigid or definite guidelines governing the determination of whether a material and substantial change of circumstances has occurred. *In re A.L.E.*, 279 S.W.3d 424, 428 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Some examples of material changes include (1) remarriage by a party, (2) poisoning of the child's mind by a party, (3) change in the home surroundings, (4) mistreatment of the child by a parent or stepparent, and (5) a parent's becoming an improper person to exercise custody. *Id*. at 428-29.

*Factual Background*

Beginning in late 2006, while married to Tim, Dana became involved in an extramarital affair with Mike Barnes, who was also married. Dana and Tim were divorced in February of 2008. By that date Dana had already moved in with Mike who

had already been divorced as well, and they got married later in 2008. Tim became involved with Kim in January of 2010 and they got married in March of 2011. At the time of the final hearing in this modification action, D.J.E. was nine years old and L.T.E. was six years old.

A review of the record shows that Tim's primary concern was about Mike and his relationship with and methods of discipline of the children. There was testimony that the children were terrified of Mike's response to any perceived acts of misbehavior by the children. Mike was accused of excessive spanking, having the children tear up cardboard boxes with their hands for long periods of time, which resulted in cuts and redness to D.J.E., and making L.T.E. stand in a corner. Mike also was seen holding L.T.E. up in the air over his head and yelling at him regarding how badly he had played football. At football games and other events, the testimony showed that Mike would restrain the children from having contact with their father. Witnesses described how the demeanor of the children was significantly different when Mike was present as opposed to when they were with Tim outside of Mike's presence. Tim testified that the children had been told by Mike and Dana that they were not allowed to drink sodas or eat ice cream when they were at Tim's home. Punishment for breaking the rules at Tim's house would result in Dana not tucking them in for a few nights or a spanking or other discipline. Kim testified to the depth of emotional trauma the children were

suffering because of their fear of Mike learning that they had broken the rules at Tim's house.

Further, Tim was concerned that routinely Dana did not inform Tim of school events, teacher conferences, or doctor's appointments, which made it difficult for Tim to participate in those events. Because Dana would not inform him of events and teacher conferences Tim would attempt to be involved with school by contacting the teachers separately. Tim was shown to be an involved and capable parent. Tim believed that Dana inappropriately allowed Mike to discipline the children and lacked the fortitude to challenge Mike on issues relating to the children. Tim alleged that Mike was telling the children about the ongoing legal proceedings, which Tim and Dana had been enjoined from doing in the temporary orders. Tim also complained that Dana had denied his court-ordered possession of the children more than once.

Dana and Mike testified that the incidents of which Tim complained did not occur and that Mike's interactions with the children were not as described by Tim, Kim, and Tim's other witnesses. Further, Dana was concerned because Tim had been sexually abused as a child and suffers from depression. Dana contended that Tim had been suicidal previously and had even written suicide notes to the children, which Tim denied. Dana and Mike were also concerned that Tim allowed the children to sleep in his bed on occasion and had showered with the children when they were younger.

The social study and the supplement indicated that Stark had spent a good deal of time with the parties, their new spouses, the children in the homes, and other references before making her recommendation of either split possession or Tim being the conservator with the right to establish the children's domicile. Stark had concerns about Mike's discipline of the children and Dana's ability to stand up to Mike. The trial court's findings of fact indicate that the trial court found Stark's testimony to be credible.[1]

Ultimately the evidence presented in this case came down to the trial court's determination of whose version of events it believed was credible. The trial court was able to observe the testimony of each of the witnesses and made that determination. Based on our review of the record, we find that the evidence was legally and factually sufficient for the trial court to have determined that the circumstances of the parties and the children had materially and substantially changed and that naming Tim as the parent with the exclusive right to establish the children's residence was in the children's

---

[1] Dana attempted to attack the credibility of Stark and the social study through an expert witness; however, the trial court sustained Tim's objections to the qualifications of the witness to provide expert testimony relating to the preparation of social studies. In various places in her brief to this Court, Dana complains of the exclusion of the testimony; however, her objection was not preserved. To preserve error in a trial court's exclusion of evidence, the substance of the excluded evidence must be shown by an offer of proof unless it is apparent from the context of the questions asked. TEX. R. EVID. 103(a)(2); TEX. R. APP. P. 33.2; *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 433 (Tex. 1984). "Without a bill of exceptions showing what the excluded testimony would have been, we cannot determine whether the testimony was inadmissible on some other ground or whether its exclusion was otherwise harmless error." *Duncan*, 665 S.W.2d at 433.

best interest.[2]  We find that the trial court had sufficient information upon which to exercise its discretion.  *See In re M.M.M.*, 307 S.W.3d 846, 849 (Tex. App.—Fort Worth 2010, no pet.).[3]  Further, we find that based on the elicited evidence the trial court made a reasonable decision and therefore there was no abuse of discretion in the trial court's decision to modify the divorce decree.  *See In re W.M.*, 172 S.W.3d 718, 725 (Tex. App.— Fort Worth 2005, no pet.).  We overrule issues one, two, three, and four.  We overrule issues eight and nine except as to the conclusion of law regarding attorney's fees, which will be addressed below.

*Attorney's Fees*

Dana complains in issues five, six, and part of issues eight and nine that the evidence was legally and factually insufficient to support the trial court's findings of fact and conclusion of law regarding the award of attorney's fees to Tim.  It is within the trial court's discretion to award reasonable attorney's fees to the prevailing party in a suit affecting the parent child relationship.  TEX. FAM. CODE ANN. § 106.002 (West 2008);

---

[2] Dana also complains of the admission of evidence relating to observations by Stark and audio recordings of the children which she contends were inadmissible.  These complaints are inadequately briefed because there are no citations to the record and no specificity regarding which portion of Stark's testimony, the social study, or of the recordings were objectionable contained in the brief.  TEX. R. APP. P. 33.1(i).

[3] Inherent in this holding is that the evidence was legally and factually sufficient for the trial court to have given Tim the exclusive rights to make decisions regarding medical, psychiatric, or psychological treatment; education; represent the children in legal actions; receive child support; consent to marriage and military enlistment; services and earnings of the children; and to act as the children's agent as set forth in section 151.001 of the Family Code.  TEX. FAM. CODE ANN. §§ 151.001, 153.071 (West 2008).

*Lenz v. Lenz*, 79 S.W.3d 10, 21 (Tex. 2002); *In re A.M.W.*, 313 S.W.3d 887, 892 (Tex. App.—

Dallas 2010, no pet.).  Tim was the prevailing party in this action.

Dana contends that the record does not support the award of attorney's fees

based on the evidence submitted to the trial court and because the trial court did not

award interim attorney's fees at each hearing during the pendency of the case.

However, Dana does not support these contentions with citations to the record nor does

she specify what amount of the fees were inappropriately awarded to Tim.

The reasonableness of an attorney's fee award is a question of fact and must be

supported by competent evidence.  *In re M.A.N.M.*, 231 S.W.3d 562, 567 (Tex. App.—

Dallas 2007, no pet.).  There should be evidence of time spent by the attorney on the

case, the nature of the preparation, the complexity of the case, the experience of the

attorney, and the prevailing hourly rates.  *Id*.  The court may also consider the entire

record and the common knowledge of the lawyers and judges.  *Id*.

Tim's attorney testified that she has been practicing law since 2004 and was

practicing family law exclusively for the firm of Koons Fuller.  She charges $250.00 an

hour for her time and $125.00 an hour for her legal assistant's time.  Admitted into

evidence was an exhibit with her employment contract and billing that described the

actions taken on the case and how much was charged for each action.  She requested a

total of $68,492.02 in attorney's fees that included estimates for the time spent in the

final hearing.  The trial court awarded Tim's attorney $34,246.01 in attorney's fees,

which is half of the amount requested. The court's award is supported by the evidence. We overrule issues five, six, and the rest of issues eight and nine.

## Permanent Injunctions

Dana complains in her seventh issue that the evidence was factually insufficient to support the trial court's findings of fact relating to the reasons for the issuance of the permanent injunctions because "no credible evidence was presented by any witness with personal knowledge that Mike Barnes had engaged in a pattern of inappropriate and physically and emotionally abusive behavior toward the children," that the other allegations of Mike's hostility and threatening behavior toward Tim was "contradicted by testimony under cross-examination," and Dana did not admit or contradicted those claims. Dana does not cite to the record or provide any citations or other argument in support of this issue. We find that, as stated previously, the trial court was indeed in the best position to evaluate the evidence and ultimately determined that the evidence presented of Mike's discipline of the children, the hostile and alienating behavior of Mike toward Tim, and Dana's refusal or inability to stop Mike's behavior was credible and our review of the record substantiates the sufficiency of the evidence regarding those findings. The trial court did not abuse its discretion by entering the permanent injunctions against Dana.[4] We overrule issue seven.

---

[4] Mike Barnes was not a party to this action and the judgment does not enjoin Mike, although the judgment prevents Dana from allowing Mike to discipline the children, to be present during exchanges of the children, or to supervise the children overnight without Dana's presence.

*Conclusion*

Having found no abuse of discretion by the trial court, we affirm the judgment of the trial court.


                                    TOM GRAY
                                    Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Judge Trudo[5]
Affirmed
Opinion delivered and filed February 14, 2013
[CV06]

---

[5] The Honorable Martha J. Trudo, Judge of the 264th District Court of Bell County, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (West 2005).