

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00021-CV

---

**IN THE INTEREST OF A.V. AND L.V., CHILDREN**

---

On Appeal from the 286th District Court
Hockley County, Texas
Trial Court No. 21-01-26451, Honorable Kelley Tesch, Associate Judge Presiding

---

November 16, 2022

## MEMORANDUM OPINION

**Before QUINN, C.J., and PARKER and YARBROUGH, JJ.**

Appellant, Father, appeals from a judgment terminating his parental rights to his children, A.V. and L.V.[1]  By his appeal, Father argues that the trial court's findings of fact and conclusions of law do not support the judgment and apply the wrong evidentiary standard.  Because we find no reversible error, we affirm the judgment of termination.

---

[1] To protect the privacy of the parties involved, we will refer to the appellant as "Father," and to the children by initials.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).

**FACTUAL AND PROCEDURAL BACKGROUND**

In January of 2021, the Texas Department of Family and Protective Services filed a petition to terminate Father's parental rights to A.V. and L.V.[2] The case proceeded to trial before the associate judge on December 7, 2021. Father did not appear at trial.

In her judgment, the associate judge recited that she found by clear and convincing evidence that termination of the parent-child relationship between Father and A.V. and L.V. is in the children's best interest. *See* § 161.001(b)(2).[3] Further, as required by section 161.206(a),[4] the associate judge found by clear and convincing evidence that Father has:

> knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child, pursuant to § 161.001(b)(1)(D), Texas Family Code;
>
> engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child, pursuant to § 161.001(b)(1)(E), Texas Family Code;
>
> constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months and: (1) the Department has made reasonable efforts to return the child to the father; (2) the father has not regularly visited or maintained significant contact with the child; and (3) the father has demonstrated an inability to provide the child with a safe environment, pursuant to § 161.001(b)(1)(N), Texas Family Code; and
>
> failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not

---

[2] Mother's parental rights were previously terminated in a prior case prosecuted by the Department.

[3] Further references to provisions of the Texas Family Code will be by reference to "section ___" or "§ ___."

[4] "If the court finds by clear and convincing evidence grounds for termination of the parent-child relationship, it shall render an order terminating the parent-child relationship." § 161.206(a).

2

less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child, pursuant to § 161.001(b)(1)(O), Texas Family Code.[5]

Father filed a notice of appeal and requested findings of fact and conclusions of law. The trial court timely issued findings of fact and conclusions of law.

At issue in this appeal are findings of fact 18, 19, 20, 21, and 23.[6] These findings recite that the associate judge applied a preponderance of the evidence standard to support the predicate and best interest grounds instead of the clear and convincing evidence standard required in termination of parental rights cases. *See* § 161.001(b). By his appeal, Father argues (1) the findings of fact and conclusions of law do not support the judgment and (2) the trial court erred by not applying the clear and convincing evidence standard in its findings of fact and conclusions of law.

## APPLICABLE LAW

Termination of parental rights requires proof by clear and convincing evidence. § 161.001(b). This heightened standard of proof is mandated not only by the Family Code, but also by the Due Process Clause of the United States Constitution. *In re J.F.C.,* 96 S.W.3d 256, 263 (Tex. 2002); *see also Santosky v. Kramer,* 455 U.S. 745, 753–54, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982) (recognizing the fundamental liberty interest a parent has in his or her child and concluding that the State must provide a parent with

---

[5] These findings conform to the rendition made by the associate judge at the conclusion of the termination hearing.

[6] Father does not specifically identify the trial court's findings he is challenging; however, a challenge to an unidentified finding of fact may be sufficient if we can fairly determine from the argument the specific finding of fact that the appellant challenges. *See Phillips Dev. & Realty, LLC. v. LJA Eng'g, Inc.,* 499 S.W.3d 78, 91 n.8 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

fundamentally fair procedures, including a clear and convincing evidentiary standard, when seeking to terminate parental rights). The Family Code defines clear and convincing evidence as "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007. We strictly construe involuntary termination statutes in favor of the parent. *In re E.R.,* 385 S.W.3d 552, 563 (Tex. 2012) (citing *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985)).

For a trial court to terminate a parent's right to his children, the State must prove by clear and convincing evidence both that: (1) the parent committed an act prohibited under section 161.001(b)(1), and (2) termination is in the children's best interest. *See* § 161.001(b)(1), (2).

## ANALYSIS

Challenged Findings

In his second issue,[7] Father argues the trial court erred by not applying the clear and convincing standard in its findings of fact and conclusions of law. From Father's argument, it appears that he is challenging what the trial court designated as findings 18, 19, 20, 21, and 23.[8] The findings at issue are as follows:

> 18. The Court finds that by a *preponderance* of the evidence that [Father] failed to complete the Family Plan of Service and the Orders for Actions Necessary for the Return of the Children and as such failed to comply with

---

[7] We analyze Father's issues logically rather than sequentially.

[8] These findings contain both findings of fact and conclusions of law. The trial court's designation of a finding of fact or conclusion of law is not controlling on appeal. *See In re Marriage of Stein,* 153 S.W.3d 485, 488 (Tex. App.—Amarillo 2004, no pet.).

4

the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the [Department] for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

19. The Court finds by a *preponderance* of the evidence based on [Father's] admission of methamphetamine usage with the children in his care, that [Father] knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child.

20. The Court finds by a *preponderance* of the evidence based on [Father's] admission of methamphetamine usage with the children in his care, that [Father] engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child.

21. The Court finds by a *preponderance* of the evidence based on [Father's] failure to visit his children, failure to contact the caseworker regarding their care and well-being, and failure to provide proof of stable housing that he constructively abandoned the children who have been in the permanent or temporary managing conservatorship of the [Department] for not less than six months, and: (i) the department has made reasonable efforts to return the child to the parent; (ii) the parent has not regularly visited or maintained significant contact with the child; and (iii) the parent has demonstrated an inability to provide the child with a safe environment.

23. The Court finds by a *preponderance* of the evidence that terminating the parent-child relationship between [Father] and A.V. and L.V. is in the children's best interest based on the children's need for permanency, that [Father] failed to provide any proof that he had the financial ability to care for the children, failed to provide proof of a safe and stable home, failed to address his children's emotional and physical needs by constructively abandoning the children by failing to exercise visitation with his children for over five months.

(Emphasis added).

We construe Father's challenge to the portion of these "findings" that articulate a preponderance of the evidence standard as conclusions of law instead of findings of fact. *See In re Marriage of Stein,* 153 S.W.3d at 488. We review a trial court's conclusions of law de novo. *Id.* at 489.

5

The conclusions of law at issue recite that the associate judge applied an improper standard of proof, preponderance of the evidence, instead of the statutorily and constitutionally mandated standard of clear and convincing evidence. This was error as termination decisions must be supported by clear and convincing evidence. § 161.001(b); *In re E.N.C.,* 384 S.W.3d 796, 802 (Tex. 2012). Consequently, we sustain Father's second issue.

However, erroneous conclusions of law will not require reversal of the underlying judgment if the controlling findings of fact will support a correct legal theory. *See Mu v. Tran*, No. 05-21-00288-CV, 2022 Tex. App. LEXIS 2940, at *6 (Tex. App.—Dallas May 3, 2022, no pet.) (mem. op.); *In re A.B.,* Nos. 12-16-00275-CV, 12-16-00276-CV, 2017 Tex. App. LEXIS 2392, at *4–5 (Tex. App.—Tyler Mar. 22, 2017, pet. denied) (mem. op.).

Findings Support Termination under § 161.001(b)(1)(O) and Best Interest

Father's first issue, like his second issue, relies on the trial court's recitation of the erroneous burden of proof in its findings and conclusions. Father contends that the findings of fact and conclusions of law do not support the judgment. We disagree.

In this case, the associate judge issued twenty-three findings of fact. Father has not challenged the following findings:

7. The Court finds that the affidavit [in support of emergency removal] contained sworn facts and allegations related to [Father] including [Father's] admission of methamphetamine usage. At the time of the filing, [Father] was a single father and sole care-provider for A.V. and L.V. and they were living in his home at the time of the admitted methamphetamine usage.

11. The Court finds that after considering the pleadings and testimony of the parties, Temporary Orders were signed by the Associate Judge on or

6

about February 4, 2021, ordering that the Department be named Temporary Managing Conservators of the children subject to this suit.

12. The Court finds that an Orders for Actions Necessary for Return of Child(ren) was filed February 3, 2021 and signed by the Associate Judge and served on [Father's] counsel on or about February 4, 2021.

13. The Court finds that a Family Plan of Service was created for [Father] by the Department. The Court finds that the plan was narrowly tailored to address the issues, situations, and concerns that resulted in the removal of the children from [Father's] care. The Plan of Service was filed and served on [Father's] counsel on or about February 18, 2021.

16. . . . [T]he Court finds that [Father] failed to appear at the final hearing held via Zoom on December 7, 2021. The Court finds that [Father] failed to call any witnesses or proffer any evidence in this matter.

17. The Court finds that [Father] failed to complete the family plan of service as outlined below:

> a. [Father] stopped attending visitation with his children in July 2021 and had no contact with the children from July 1 until the date of the final hearing on December 7, 2021, approximately five (5) months.
>
> c. [Father] failed to provide any proof that he paid general child support & medical support, as ordered by the Court.
>
> d. [Father] failed to provide any proof that he maintained a source of income that is adequate to support himself and his children for a minimum of six (6) months to demonstrate stability.
>
> e. [Father] failed to provide proof that he maintained a home that is safe, stable, has all working utilities, and is free from drugs and violence from June 2021 through December 2021.
>
> f. [Father] failed to complete therapy with Dr. Peggy Skinner as he only attended a few sessions and did not return after May 2021.
>
> g. [Father] failed to participate in random drug screens for the Department on June 9, 2021, July 14, 2021, August 13, 2021, September 9, 2021, and November 1, 2021.
>
> h. [Father] completed the OSAR drug and alcohol assessment; however, [Father] failed to provide any proof that he followed the recommendations to attend NA/AA meetings and/or PADRE classes.

7

22. In rendering the termination order, the Court considered evidence of all relevant factors related to the best interest of the children, including but not limited to:

(a) the emotional and physical needs of the child now and in the future;

(b) the emotional and physical danger to the child now and in the future;

(c) the parental abilities of the individuals seeking custody;

(d) the programs available to assist these individuals to promote the best interest of the child;

(e) the plans for the child by these individuals; and

(f) the stability of the home.

A trial court's findings of fact and conclusions of law have the same force and dignity as a jury's verdict upon jury questions. *See Latch v. Gratty, Inc.,* 107 S.W.3d 543, 545 (Tex. 2003) (per curiam) (citing *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994)). We defer to and are bound by unchallenged fact findings that are supported by some evidence. *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC,* 437 S.W.3d 518, 523 (Tex. 2014); *McGalliard v. Kuhlman*, 722 S.W.2d 694, 696 (Tex. 1986) (unchallenged findings of fact are binding on an appellate court unless the contrary is established as a matter of law or there is no evidence to support the finding). Erroneous conclusions of law are not binding on the appellate court. If the controlling findings of fact will support a correct legal theory, are supported by the evidence, and are sufficient to support the judgment, the adoption of erroneous legal conclusions will not mandate reversal. *In re A.B.,* 2017 Tex. App. LEXIS 2392, at *4–5. The trial court's conclusions of law are not reviewable from an evidentiary standpoint; however, we may review the conclusions

8

drawn from the facts to determine their correctness. *See In re Marriage of Harrison,* 310 S.W.3d 209, 212 (Tex. App.—Amarillo 2010, pet. denied).

Parental rights may be terminated under section 161.001(b)(1)(O) if the Department establishes the children were removed under chapter 262 because of abuse or neglect; the Department has been the permanent or temporary managing conservator for at least nine months; a court order specifically established the actions necessary for the parent to obtain return of the children; and the parent failed to comply with that order. *See* § 161.001(b)(1)(O). Many of the reasons supporting termination under subsection (O) will also support the trial court's best interest finding. *See In re C.H.,* 89 S.W.3d 17, 28 (Tex. 2002) (same evidence may be probative of both section 161.001(b)(1) grounds and best interest).

Here, the unchallenged findings of fact contain facts on which the ultimate issue of termination based on predicate ground (O) and the best interest of the children could be predicated. *In re E.C.R.,* 402 S.W.3d 239, 249 (Tex. 2013) (unchallenged findings of fact supported termination under subsection (O) because record supported those findings).

Only one predicate finding under section 161.001(b)(1) is necessary to support a judgment of termination when there is also a finding that termination is in the children's best interest. *In re A.V.,* 113 S.W.3d 355, 362 (Tex. 2003). "If multiple predicate grounds are found by the trial court, we will affirm based on any one ground because only one is necessary for termination of parental rights." *In re K.W.,* 335 S.W.3d 767, 769 (Tex. App.—Texarkana 2011, no pet.).

9

The unchallenged findings establish the elements necessary to support termination under subsection (O) and the best interest finding. The trial court considered the affidavit in support of emergency removal which showed that A.V. and L.V. were removed from Father's care because of his admitted use of methamphetamine while A.V. and L.V. were living in his home and under his care. In February of 2021, the trial court signed temporary orders naming the Department as temporary managing conservator of A.V. and L.V. and orders for actions necessary for the return of A.V. and L.V. The Department created a family plan of service for Father narrowly tailored to address concerns resulting in A.V. and L.V.'s removal from Father's care. Father failed to appear for trial on December 7, 2021 and did not call any witnesses or proffer any evidence. Father failed to complete the family plan of service by: not attending visitation with A.V. and L.V. for more than five months; failing to provide proof he paid child and medical support; failing to provide proof of his income adequate to support himself, A.V., and L.V.; failing to provide proof that he maintained a safe and stable home; failing to complete therapy; failing to participate in five random drug screens from June to November of 2021; and failing to provide proof he followed substance abuse assessment recommendations to attend NA/AA and/or PADRE classes.

The judgment of termination correctly recited the clear and convincing evidentiary standard as to predicate ground (O) and the best interest finding. Further, the unchallenged findings of fact support a proper legal theory of termination. *See In re A.B.,* 2017 Tex. App. LEXIS 2392, at *4–5 (Erroneous conclusions of law are not binding on the appellate court, but if the controlling findings of fact will support a correct legal theory, are supported by the evidence, and are sufficient to support the judgment, the adoption

10

of erroneous legal conclusions will not mandate reversal.); *Waggoner v. Morrow,* 932 S.W.2d 627, 631 (Tex. App.—Houston [14th Dist.] 1996, no writ) (incorrect conclusions of law will not require reversal if the controlling findings of fact support a correct legal theory). Accordingly, we conclude that the findings support the judgment of termination. We overrule issue one.

Based on our review of this record, we are satisfied that the judgment terminating Father's parental rights did not turn on the recitation of an improper standard of proof or limit the presentation of Father's case on appeal. *See* Tex. R. App. P. 44.1; *see also Mu*, 2022 Tex. App. LEXIS 2490, at \*5–6 (no harm shown by trial court's mistaken reference to repealed statute in findings of fact and conclusions of law). Accordingly, we affirm the judgment of termination.

## CONCLUSION

Having considered both issues raised by Father, we find no reversible error. The judgment of termination is affirmed.

Judy C. Parker<br>
Justice