

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00307-CV

IN THE MATTER OF THE MARRIAGE OF
NALLELY STEPHANIE MALDONADO AND IVAN MIRANDA

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 80027B, Honorable Titiana Frausto, Presiding

May 23, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Before us are cross-appeals. Two issues involve the child of Nallely Stephanie Maldonado and Ivan Miranda, conservatorship, and child support. The third concerns attorney's fees. We reverse in part, remand in part, and affirm in part.

***Issue One—Sole Managing Conservatorship***

Nallely initially contends that the trial court erred "when it found that the June 2021 incident prevented it from appointing the parties as joint managing conservators." The June 2021 incident resulted in her pleading guilty to misdemeanor assault upon Ivan. Implicated are the trial court's findings that 1) "there is a history of physical abuse by

[Nallely] directed against [Ivan];" and 2) Nallely "pleaded guilty to misdemeanor assault of [Ivan] related to an incident that occurred on or about June 13, 2021 [and] [a]s such, [Ivan] is named sole managing conservator, and [Nallely] is named possessory conservator." Found in its conclusions of law is the statement that "[b]ecause Petitioner pleaded guilty to misdemeanor assault of Respondent, the Court cannot appoint the parties joint managing conservators." Nallely interprets these as indicating that the trial court mistakenly concluded it had no choice but to find a "history" of abuse based simply on the guilty plea. We overrule the issue.

Statute provides that "[t]he court may not appoint joint managing conservators if credible evidence is presented of a history or pattern of past or present child neglect, or physical or sexual abuse by one parent directed against the other parent, a spouse, or a child . . . ." TEX. FAM. CODE ANN. § 153.004(b). The legislature did not define the term "history." *In re Marriage of Stein*, 153 S.W.3d 485, 489 (Tex. App.—Amarillo 2004, no pet.). And, though this court has never held that one instance of physical abuse directed at a parent must constitute a history of abuse, we have ruled that it may if the trial court, in its discretion, concludes as much. *Id.*; *see Chacon v. Gribble*, No. 03-18-00737-CV, 2019 Tex. App. LEXIS 10286, at *7-12 (Tex. App.—Austin Nov. 27, 2019, no pet.) (mem. op.) (explaining how one incident of abuse may constitute a history). So, given the evidence of Nallely's pleading guilty to misdemeanor assault, the trial court could have legitimately found it sufficient to prove she had a history of physical abuse against another of the child's parents.

The actual dispute, however, evolves around the meaning of "cannot appoint" written into the trial court's legal conclusion. What we have found over the years is that

2

even clear words may carry contradictory meanings. In this case, "cannot," when read in context, may suggest that the trial court believed the proof of one instance of abuse obligated it to find a history of violence . . . that is, it had no choice. Or, from the context, it may be interpreted as indicating the court's belief that the one instance mentioned was **enough** to warrant a finding of a history under *Stein*, and, consequently, the trial court cannot appoint joint managing conservators per § 153.004(b). We conclude the latter is the more accurate interpretation of what the court intended for several reasons.

First, the record reflects that a discussion of *Stein* appeared in briefing supplied to the trial court before it ruled. In mentioning it, no one argued that one instance of abuse **must** equate a history. Indeed, Ivan posited, after mentioning *Stein*, that the evidence actually established multiple acts of violence on the part of Nallely. So, it cannot be said that any party swayed the court to misinterpret *Stein*.

Second, we are to presume that the trial court followed the law until a complaining party establishes otherwise. *Texas Dep't of Pub. Safety v. Raffaelli*, 905 S.W.2d 773, 776 (Tex. App.—Texarkana 1995, no writ) (stating that "[w]e presume the trial court proceedings to be regular and in compliance with the law . . .[t]hus, we presume that the trial court followed the law and admitted the agency record into evidence"); *see Southern Ins. Co. v. Brewster*, 249 S.W.3d 6, 13 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (stating that "[w]ell-settled law compels that we presume that proceedings in the trial court, as well as its judgment, are regular and correct"). Here, the law is as we discussed earlier when citing *Stein.* And, though keen minds may debate the meaning of the trial court's phrase "cannot appoint," those words alone fail to illustrate an unambiguous intent

3

by the court to conclude that one instance of abuse stripped it of discretion and mandated that it find a history.

Third, and most importantly, "[i]ncorrect conclusions of law do not require reversal if the controlling findings of fact support a correct legal theory." *Mann v. Propst*, No. 05-19-00432-CV, 2020 Tex. App. LEXIS 2581, at *15 (Tex. App.—Dallas March 26, 2020, no pet.) (mem. op.). Accepting Nallely's assertion would also mean that the trial court's conclusion of law was incorrect, under *Stein*. Yet, the finding of fact within the judgment referring to "a history of physical abuse" supports a correct legal theory. One instance of abuse may constitute a history per *Stein*. Additionally, the hearing record contains evidence of several other violent acts committed by Nallely. Thus, the ultimate decision to appoint a sole managing conservator would be correct under the rule iterated by *Mann*. And, it is for these three reasons we reject Nallely's argument.

### Issue Two—Child Support

We skip Nallely's second issue (i.e., attorney's fees) and save it for last. That leads us to address Ivan's complaint about the trial court's order directing him to pay child support. He argues that it had no discretion to order a sole managing conservator to pay child support to a possessory conservator. In doing so here, it allegedly erred. We sustain the issue.

We preliminarily note Ivan's 1) characterization of child support as punishment and 2) his belief that the government should provide for his child's medical care in the first instance. Those are misconceptions. In Texas, the duty to financially support a child falls on each parent. *In re Marriage of Tuttle*, 602 S.W.3d 9, 16 (Tex. App.—Amarillo 2020, no pet.). And, the record clearly reflects that Ivan had the economic means to do so here.

4

He may not care to support his offspring, but he must. That said, we turn to the issue at hand.

Statute provides that "[u]nless limited by court order, a parent appointed as sole managing conservator of a child has the rights and duties provided by Subchapter B and the following **exclusive** rights . . .the right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child." TEX. FAM. CODE ANN. § 153.132(4) (emphasis added). Though the exclusive rights itemized under § 153.132 are subject to limitation, *In re A.S.*, 298 S.W.3d 834, 836 (Tex. App.—Amarillo 2009, no pet.), several sister courts have interpreted the statute as prohibiting a possessory conservator from receiving child support from a sole managing conservator. *Peterson v. Office of the AG*, 990 S.W.2d 830, 833 (Tex. App.—Fort Worth 1999, no pet.); *Lueg v. Lueg*, 976 S.W.2d 308, 313 (Tex. App.—Texarkana 1998, pet. denied); *see S.L. v. S.L.*, No. 02-19-00017-CV, 2020 Tex. App. LEXIS 6002, at *12 (Tex. App.—Fort Worth July 30, 2020, no pet.) (mem. op.) (acknowledging that "as between the sole managing conservator and the possessory conservator, the Family Code gives only the sole managing conservator the express right to receive child support . . .").

Admittedly, another statutory provision describes the rights of a possessory conservator as those by statute and "expressly granted" by the trial court "in the order." *See* TEX. FAM. CODE ANN. § 153.192(a) (so providing). So too does statute provide that the trial court "may order either or both parents to support a child in the manner specified by the order . . . ." *Id.* at § 154.001(a). Yet, neither § 153.192, § 154.001(a), nor any other Code provision expressly vests a possessory conservator with the particular right to receive "child support." *See Lueg*, 976 S.W.2d at 313 (stating that "[n]o such right is

5

expressly ascribed to the possessory conservator"). This distinction is of import for § 153.132(4) deals specifically with child support in situations where there exists a sole managing conservator. The legislature has expressly enacted a provision dealing with financial support in those specific situations which controls over other statutes which may allude to rights or child support in general. *See Springer v. Johnson*, 280 S.W.3d 322, 329 (Tex. App.—Amarillo 2008, no pet.) (stating that a fundamental rule of statutory construction is that a general provision must yield to a succeeding specific provision dealing with the same subject matter). Thus, we cannot utilize those other statutes to displace the fact that § 153.132(4) vests the exclusive right to receive child support in the sole managing conservator when the court orders a sole managing and possessory conservator arrangement. And, while the right granted the sole managing conservator may be limited, that differs from transferring it to a possessory conservator. Limitation means restricted, not subject to transfer.

So, we view *Lueg* and *Peterson* as correct interpretations of the law and adopt their position. That means the trial court at bar abused its discretion in ordering Ivan, the child's sole managing conservator, to pay Nallely, the possessory conservator, child support. And, the error is harmful since Ivan was assigned a duty unallowed by statute.

### *Issue Three—Attorney's Fees*

Through the final issue, Nallely asserts the trial court abused its discretion in refusing "to allow [her] to offer evidence of the attorney's fees . . . because she did not disclose that information through initial disclosures." We overrule the issue.

At the final hearing, Nallely attempted to present evidence regarding attorney's fees and expenses. Ivan objected, arguing that "those have not been disclosed to us."

6

In reply, Nallely cited Ivan's failure to request the information. Thereafter, the trial court 1) found that she "did not provide her attorney's fee evidence in her initial disclosures . . ." and 2) excluded the evidence.

The rules in effect at the time of the divorce were those amended in 2021. Under those amended rules, a party was required to provide to the opposing party various information without a request. One category concerned information encompassed within Rule of Civil Procedure 195 regarding testifying experts. TEX. R. CIV. P. 194.3. Per Rule 195, disclosures to be made without a discovery request were myriad and included: 1) the expert's name, address, and telephone number; 2) the subject matter on which the expert will testify; 3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them; and 4) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony. *Id.* at 195.5(a). Nallely disclosed none of this. Moreover, attorney's fees require expert testimony regarding their reasonableness and necessity. *Greenworld Constr. Materials & Servs. USA, LLC v. C & T P'ship*, No. 07-23-00020-CV, 2023 Tex. App. LEXIS 6102, at *10 (Tex. App.—Amarillo Aug. 11, 2023, no pet.) (mem. op.).

Next, the failure to provide required disclosures generally prevents the party from introducing the material or information not timely identified. TEX. R. CIV. P. 193.6(a). However, exclusion may be avoided if the trial court finds 1) the existence of good cause for the failure or 2) it will not unfairly surprise or unfairly prejudice the other parties. *Id.* at 193.6(a)(1), (2). No finding of good cause was sought below, here. Nor did Nallely argue below that the omission would not unfairly surprise Ivan.

7

Given the circumstances at bar, we cannot say that the trial court abused its discretion in sustaining Ivan's objection to the evidence of attorney's fees. Simply put, the failure to make the requisite disclosures regarding the expert permitted the exclusion of expert testimony on attorney's fees. Without the required expert, other evidence of fees, (e.g., hours expended, rate, and the like) became irrelevant. Thus, finding a meritorious ground upon which the trial court's decision may be based, we must affirm its exercise of its discretion. *See In re L.A.M.*, No. 07-21-00124-CV, 2022 Tex. App. LEXIS 3515, at *18 (Tex. App.—Amarillo May 24, 2022, no pet.) (mem. op.) (stating that we review a trial court's decision to admit or exclude evidence under the standard of abused discretion)*; see also Payton v. Ashton*, 29 S.W.3d 896, 899 n.3 (Tex. App.—Amarillo 2000, no pet.) (stating that a decision is not considered an abuse of discretion if supported by any theory appearing in the record, even if unmentioned by the court or litigants).

In sum, we reverse that portion of the trial court's final judgment directing Ivan Miranda to pay child support to Nallely Maldonado (Miranda). Ivan Miranda has no obligation to pay the possessory conservator "child support," i.e., periodic payments as contemplated by § 154.121 of the Texas Family Code. He does have a duty to support the child. We further accept Ivan Miranda's invitation in his prayer to remand the cause. We do so in recognition that "issues of property division, child support, and visitation in the divorce decree are interrelated." *Kahn v. Kahn*, 813 S.W.2d 708, 710 (Tex. App.—Austin 1991, no pet.); *see In re Interest of A.T.*, No. 02-22-00407-CV, 2023 Tex. App. LEXIS 4212, at *12 (Tex. App.—Fort Worth June 15, 2023, no pet.) (mem. op.) (also noting that "issues of conservatorship and child support are interrelated" and remanding since the court "cannot be reasonably certain that the trial court's child-support

determinations were not significantly affected by its error regarding conservatorship"). Moreover, the trial court's finding of fact 23 depicts its recognition of 1) the disparity between the economic positions of Nallely and Ivan, 2) their respective abilities to financially contribute to the support of the child, 3) the periods of possession each parent will enjoy, and 4) childcare expenses each parent will experience in pursuing employment when awarding child support and adjudicating visitation. Like the panel in *A.T.*, we too cannot be reasonably certain that the trial court's determinations regarding general support for the child, expenses related thereto, and visitation were not significantly affected by the error found.

Accordingly, we reverse those portions of the trial court's judgment involving child support, payment for expenses related to the child, and visitation, and remand same to the trial court. In all other respects, the trial court's judgment is affirmed.


Brian Quinn
Chief Justice

9