*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



## OPINION

No. 04-11-00777-CV

Jason Daniel **WATTS**,
Appellant

v.

Adrian Jean **WATTS**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-16834
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  October 31, 2012

AFFIRMED

Jason Daniel Watts appeals a final divorce decree incorporating a jury's finding that Adrian Jean Watts should be appointed as the sole managing conservator of their two children. Jason asserts the trial court erred by: (1) failing to provide the jury with further instructions in response to a question the jury sent to the trial court during deliberations; and (2) denying his motion for new trial. We overrule Jason's contentions and affirm the trial court's judgment.

**FURTHER INSTRUCTIONS TO JURY**

During trial, evidence was presented from which the jury could find either Jason or Adrian, or both, had a history or pattern of physical abuse against the other. The jury was instructed, "A person may not be appointed a joint managing conservator if that person has a history or pattern of past or present child neglect or of physical or sexual abuse directed against a parent, a spouse, or a child." *See* TEX. FAM. CODE ANN. § 153.004(b) (West 2008). During deliberations, the jury sent the trial court the following question, "If the jury finds there is a history or a pattern of past physical abuse against both spouses, can we still name both as joint managing conservators?" Jason's attorney argued the trial court should respond "yes" to the question because the jury was asking a legal question or for legal direction. Adrian's attorney urged the trial court not to submit any further instructions. The trial judge responded that she believed answering "yes" or "no" to the question would be a comment on the case or would change the instructions already provided. The trial court decided not to provide any further instructions but to instruct the jury to re-read the court's charge.[1]

After a jury has retired for deliberations, Texas Rule of Civil Procedure 286 gives the trial court discretion to provide a jury with further instructions "touching any matter of law" at the jury's request. TEX. R. CIV. P. 286. We review a trial court's refusal to provide further instructions under an abuse of discretion standard.[2] *Standley v. Sansom*, 367 S.W.3d 343, 350 (Tex. App.—San Antonio 2012, pet. denied).

---

[1] Although Adrian contends that Jason did not preserve his complaint regarding the trial court's failure to provide further instructions, we disagree. From the dialogue in which the attorneys and the trial judge engaged, the record shows that the request by Jason's attorney for further instructions was apparent from the context, and the trial court implicitly denied the request. TEX. R. APP. P. 33.1(a).

[2] Although Jason argues that a *de novo* standard of review is applicable with regard to questions of statutory construction and a trial court's misinterpretation or misapplication of the law, the issue Jason presents in this case does not request this court to review the trial court's construction or interpretation of a statute. Instead, the issue is whether the trial court properly exercised its discretion in refusing to submit further instructions to the jury pursuant to Rule 286.

Jason's brief addresses this issue from the perspective that Jason and Adrian could have been appointed joint managing conservators if the jury found they both had been physically abusive against each other.[3] This is a misunderstanding of the applicable law.

Section 153.004(b) of the Texas Family Code provides, "The court may not appoint joint managing conservators if credible evidence is presented of a history or pattern of past or present . . . physical . . . abuse by one parent directed against the other parent." TEX. FAM. CODE ANN. § 153.004(b) (West 2008). Based on this language, the trial court is prohibited from appointing joint managing conservators where a history or pattern of abuse between the two parents exists regardless of whether the abuse is inflicted by one parent against the other or by both parents against each other. In other words, a history or pattern of physical abuse by both parents against each other necessarily includes a history or pattern of physical abuse by one parent against the other.

In *In re Marriage of Stein*, 153 S.W.3d 485, 487 (Tex. App.—Amarillo 2004, no pet.), the parents acknowledged through their trial testimony that "they committed family violence against each other during the course of their tumultuous relationship." The appellate court noted, "Thus, although none of the acts of violence resulted in any injuries requiring medical treatment, the record presents undisputed evidence of past physical abuse by one parent against the other." *Id*. The appellate court then concluded, "because the Family Code prohibits the appointment of joint managing conservators where a history of physical abuse is presented, the trial court abused its discretion in so designating" the parents as joint managing conservators. *Id*. at 489.

Given that the trial court was prohibited from appointing Jason and Adrian as joint managing conservators if the jury found they both engaged in physical abuse against each other,

---

[3] Jason's brief states, "As the case stands now, this Court can do no more than guess how or why the jury concluded that Jay and Adrian should not be named joint managing conservators of their children."

Jason's attorney erroneously argued that the trial court should answer the jury's question as "yes." Moreover, because the jury found one parent should be appointed as sole managing conservator, the jury properly applied the law as given. Accordingly, the trial court did not abuse its discretion in refusing to give any further instructions to the jury.

**MOTION FOR NEW TRIAL**

In his second issue, Jason contends the trial court abused its discretion in denying his motion for new trial based on newly discovered evidence. The trial court's order denied Jason's second amended motion for new trial. The record reflects that the trial court's order was based on the motion itself because no hearing was held on the motion.

As relevant to the issue presented on appeal, Jason's second amended motion for new trial asserted that newly discovered evidence showed that Adrian was having a relationship during the marriage with "an individual who is a fugitive on the run for a D.W.I." Jason's motion further asserted that newly discovered evidence showed that Adrian placed money into an account in the other individual's name to assist her in the "up and coming divorce action." Jason's motion concluded that the newly discovered evidence "is MATERIAL as to the credibility of [Adrian's] testimony relating to events which formed the basis of the much discussed 'fight in the bedroom,' in which [Adrian] represented herself before the jury as a[n] innocent spouse victimized [by] the bad actions of Movant." No other materiality was asserted in the motion.

"A party seeking a new trial on grounds of newly-discovered evidence must demonstrate to the trial court that (1) the evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were

granted." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). The party must also demonstrate that the newly discovered evidence will not be used for purposes of impeachment. *New Amsterdam Cas. Co. v. Jordan*, 359 S.W.2d 864, 866 (Tex. 1962) (quoting *Conwill v. Gulf, C. & S. F. Ry. Co.*, 85 Tex. 96, 19 S.W. 1017 (1892)); *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 844 (Tex. App.—Dallas 2008, no pet.). "Denial of a motion for new trial is reviewed for abuse of discretion." *Waffle House, Inc.*, 313 S.W.3d at 813.

In his second amended motion for new trial, Jason asserted only that the newly discovered evidence was material in assessing Adrian's credibility. As previously noted, however, a trial court does not abuse its discretion in denying a motion for new trial if the newly discovered evidence is to be used for purposes of impeachment. *New Amsterdam Cas. Co.*, 359 S.W.2d at 866; *Rivera*, 262 S.W.3d at 844.

Unlike the argument made in his motion, Jason argues in his brief that the newly discovered evidence is material because in naming Adrian as sole managing conservator, the jury implicitly found "that it was in the children's best interest for Adrian to have the exclusive right to control virtually every financial decision that will affect the children until they reach the age of majority." Jason further agues in his brief, "If, however, the jury had heard evidence that Adrian, with the help of another man, had hidden community assets from her husband, the children's father, the jury likely would have come to a very different conclusion about Adrian's fitness to handle such weighty financial decisions on the children's behalf."

In order to preserve error for appellate review, a party's argument on appeal must comport with its argument in the trial court. *See Ferrara v. Moore*, 318 S.W.3d 487, 496 (Tex. App.—Texarkana 2010, pet. denied); *In re D.E.H.*, 301 S.W.3d 825, 829 (Tex. App.—Fort Worth 2009, pet. denied); *Wohlfahrt v. Holloway*, 172 S.W.3d 630, 639-40 (Tex. App.—

Houston [14th Dist.] 2005, pet. denied). Because the argument made in Jason's brief does not comport with the argument he presented in his second amended motion for new trial, it has not been preserved for our consideration. *See Ferrara*, 318 S.W.3d at 496; *In re D.E.H.*, 301 S.W.3d at 829. Even if error had been preserved, and assuming the newly discovered evidence attached to Jason's motion established that Adrian was making efforts to secrete community funds from Jason and could not have been discovered before trial, such evidence is simply cumulative of the evidence showing the deterioration of the relationship between Adrian and Jason. The evidence does not show that the secreting of the funds adversely affected the children or their financial position. The evidence also does not show that Adrian would make improper decisions regarding financial issues that affected the children. Accordingly, we conclude the trial court did not abuse its discretion in determining that the evidence attached to Jason's motion was not "so material it would probably produce a different result if a new trial were granted." *Waffle House, Inc.*, 313 S.W.3d at 813.

## CONCLUSION

The trial court's judgment is affirmed.

Steven C. Hilbig, Justice