

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00068-CV

**IN THE INTEREST OF N.J.T.** and V.G.T., Children

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-00721
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice
                Irene Rios, Justice

Delivered and Filed: June 13, 2018

AFFIRMED

Appellant Father H.T. appeals the portion of the trial court's order designating the children's mother, S.T., as a joint managing conservator of their children N.J.T. and V.G.T.[1] Father contends that Mother has a history of family violence, and the Family Code bars her from being appointed as a joint managing conservator. But Mother was not the perpetrator, and the Family Code's bar does not apply to her.

Having reviewed the evidence, we conclude the trial court did not abuse its discretion in appointing Mother as a joint managing conservator. We affirm the trial court's order.

### BACKGROUND

In April 2017, the children were living with Mother. The Department received a referral that F.S., Mother's paramour, threatened V.G.T. with a gun. In an outcry statement to her school

---

[1] To protect the minors' identities, we refer to the parents and the children using aliases. *See* TEX. R. APP. P. 9.8.

counselor, V.G.T. reported F.S. pointed a loaded weapon at her, walked outside and fired a single shot, and then came back inside and again pointed the weapon at her. The counselor reported the incident to the Department of Family and Protective Services.

The Department sought an emergency order to remove the children from the home for their protection. The Department's motion was granted, and the trial court designated the Department as the temporary managing conservator for the children. Later, the Department placed the children with fictive kin.

In November 2017, Father moved to place the children with him in his home in California, and the trial court granted the motion.

In January 2018, the trial court held a brief trial on the merits. Mother, the children's ad litem, the children's guardian ad litem, and the Department all agreed that it was in the children's best interest to appoint Father and Mother as joint managing conservators with Father having the right to designate the primary residence of the children. Father's attorney stated he had not been able to contact Father, and he did not know whether Father approved of the proposed agreement.

After hearing testimony from the only two witnesses, the Department case worker and Mother, the trial court removed the Department as a conservator, appointed Father and Mother as joint managing conservators, and granted Father the right to designate the primary residence of the children. The trial court granted Mother standard possession order visitation, with the visits to take place only in California. It ordered that F.S., the family violence perpetrator, have no contact with the children.

On appeal, Father contends the trial court could not have appointed Mother as a joint managing conservator because she has a history of family violence, and the Family Code bars her appointment as a joint managing conservator. We briefly recite the applicable standard of review and Family Code sections.

**STANDARD OF REVIEW**

A trial court's conservatorship determination is "subject to review only for abuse of discretion." *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007) (citing *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982)). "Under an abuse of discretion standard, legal and factual insufficiency are not independent grounds for asserting error, but are relevant factors in assessing whether a trial court abused its discretion." *Syed v. Masihuddin*, 521 S.W.3d 840, 847 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (quoting *Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex. App.—Dallas 2004, no pet.)); *see In re T.K.D-H.*, 439 S.W.3d 473, 481 (Tex. App.—San Antonio 2014, no pet.). In contrast to the clear and convincing evidence standard applicable to a parental-rights termination finding, *see* TEX. FAM. CODE ANN. § 160.001 (West Supp. 2017); *J.A.J.*, 243 S.W.3d at 616, a finding regarding conservatorship "is governed by a preponderance-of-the-evidence standard," *J.A.J.*, 243 S.W.3d at 616; *see* TEX. FAM. CODE ANN. § 105.005 (West 2014) ("Except as otherwise provided by this title, the court's findings shall be based on a preponderance of the evidence.").

**CONSERVATORSHIP**

For conservatorship, possession, and access questions, "[t]he best interest of the child shall always be the primary consideration of the court." TEX. FAM. CODE ANN. § 153.002; *accord Danet v. Bhan*, 436 S.W.3d 793, 796 (Tex. 2014). The trial court has broad discretion in determining the best interest of a child, including a decision regarding conservatorship. *See Gillespie*, 644 S.W.2d at 451 ("The trial court is given wide latitude in determining the best interests of a minor child."); *Roberts v. Roberts*, 402 S.W.3d 833, 843 (Tex. App.—San Antonio 2013, no pet.) (en banc) ("Trial courts possess broad discretion 'in fashioning restrictions on a parent's possession and access that are in the best interest of the children.'" (quoting *Moreno v. Perez*, 363 S.W.3d 725, 739 (Tex. App.—Houston [1st Dist.] 2011, no pet.)).

"In making [a conservatorship] appointment . . . , the court shall consider whether, preceding the filing of the suit or during the pendency of the suit[,] . . . a party engaged in a history or pattern of family violence, as defined by Section 71.004." TEX. FAM. CODE ANN. § 153.005(c); *see J.A.J.*, 243 S.W.3d at 615. Section 71.004 defines family violence as including

> an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself.

TEX. FAM. CODE ANN. § 71.004; *In re L.C.L.*, 396 S.W.3d 712, 717 (Tex. App.—Dallas 2013, no pet.). "The court may not appoint joint managing conservators *if* credible evidence is presented of a history or pattern of past or present child neglect, or physical or sexual abuse by one parent directed against the other parent, a spouse, or a child . . . ." TEX. FAM. CODE ANN. § 153.004(b) (emphasis added); *accord Watts v. Watts*, 396 S.W.3d 19, 22 (Tex. App.—San Antonio 2012, no pet.).

## ANALYSIS

Father argues that the trial court could not appoint Mother as a joint managing conservator because F.S., Mother's paramour, threatened V.G.T. with a weapon, and that constituted a history of family violence attributable to Mother under section 153.004(b).[2] Father argues that this history of family violence acts as a bar to Mother's appointment as a joint managing conservator. We first review the paucity of evidence that was presented at trial.

---

[2] Father makes these assertions based on the Department case worker's affidavit supporting the request for a removal order. None of this information was presented as evidence at trial. *Cf. In re E.C.R.*, 402 S.W.3d 239, 248 (Tex. 2013) (Department affidavit); *In re A.A.A.*, 265 S.W.3d 507, 516 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). Even if the affidavit supporting removal was considered by the trial court, it showed Mother was not the perpetrator.

**A.    Evidence at Trial**

When the parties made their announcements, all but Father indicated they were present for the court to approve a putative settlement agreement wherein the children would remain with Father, both parents would be appointed joint managing conservators, and Father would be given the right to designate the primary residence of the children.

Father was present only through his counsel, who stated Father wanted to be appointed sole managing conservator with Mother to be designated as a possessory conservator only.

The trial court recognized that it could not approve a settlement agreement if there was no agreement, and the court called for the parties to present their witnesses.  Only two witnesses testified: the Department case worker and Mother.

The majority of the testimony concerned Father's home and behavior.  The case worker testified that Father's home was suitable and placing the children with Father was in the children's best interests.  The case worker also testified that in October 2017, Mother lied when she said F.S. was no longer living with her because the case worker found F.S. in Mother's home.

Mother admitted that she lied to the case worker regarding F.S., but testified that after the week of the case worker's visit, she has had no further contact with F.S.

Mother, the children's ad litem, the children's guardian ad litem, and the Department all agreed that appointing both parents as joint managing conservators, with Father having the right to designate the primary residence of the children, was in the children's best interests.

The trial court dismissed the Department as a conservator, appointed Father and Mother as joint managing conservators, with Mother to have standard possession access but only in California, and with Father to have the right to designate the primary residence of the children. The trial court also ordered that F.S. not have any contact with the children.

We turn now to the cases Father relies on to support his argument that Mother cannot be appointed as a joint managing conservator because there was a history of family violence in Mother's home.

**B.      *In re Marriage of Stein***

Father cites *In re Marriage of Stein* for the proposition that Mother cannot be appointed as a joint managing conservator because there was a history of family violence in Mother's home. *See In re Marriage of Stein*, 153 S.W.3d 485 (Tex. App.—Amarillo 2004, no pet.).  In *Stein*, both parents admitted to committing family violence against each other, and the trial court appointed both to be joint managing conservators.  *Stein*, 153 S.W.3d at 487.  *Stein* noted Family Code section 153.004 bars the appointment of joint managing conservators where a history of physical abuse is in evidence, and it reversed the trial court's order appointing both parents as joint managing conservators.  *Id.* at 489.  *Stein* concluded that "because the Family Code prohibits the appointment of joint managing conservators where a history of physical abuse is presented, the trial court abused its discretion in so designating [both parents as joint managing conservators]."  *Id.*

Here, unlike *Stein*, there was no evidence that Mother committed family violence; *Stein* does not support Father's argument that the Family Code bars Mother's appointment as a joint managing conservator.

**C.      *Watts v. Watts***

Father also relies on *Watts v. Watts*, but it, too, is distinguishable.  *See Watts v. Watts*, 396 S.W.3d 19 (Tex. App.—San Antonio 2012, no pet.).  In *Watts*, "evidence was presented from which the jury could find either [father] or [mother], or both, had a history or pattern of physical abuse against the other."  The jury found that mother "should be appointed as the sole managing conservator of [the parents'] two children."  *Id.* at 21.  *Watts* recognized that "the trial court was prohibited from appointing [father] and [mother] as joint managing conservators *if* the jury found

they both engaged in physical abuse against each other" and therefore, "because the jury found one parent [mother] should be appointed as sole managing conservator, the jury properly applied the law as given." *Id.* at 22 (emphasis added).

Here, there is no evidence that Mother committed family violence; *Watts* does not support Father's argument.

**D.     No Abuse of Discretion**

Although Father alleged there was a history of family violence in Mother's home while the children were present, no evidence was presented at trial that Mother was either the perpetrator or an accomplice in the family violence.  Having reviewed the evidence and the applicable law, we conclude that the trial court acted within its broad discretion to determine the best interests of the children.  *See* TEX. FAM. CODE ANN. §§ 105.005, 153.004, 153.005; *J.A.J.*, 243 S.W.3d at 616. We overrule Father's sole issue.

CONCLUSION

Father argues the trial court abused its discretion by appointing Mother as a joint managing conservator because there was a history of family violence in Mother's home, but there was no evidence that Mother was the perpetrator of the family violence, and the Family Code does not bar the trial court from appointing Mother as a joint managing conservator.  The trial court's decision to appoint Mother as a joint managing conservator was within its broad discretion.  We affirm the trial court's order.

Patricia O. Alvarez, Justice