

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00463-CV

**IN THE ESTATE OF** Juanita L. **WILLIAMS**, aka Juanita Louise Williams, aka Juanita L. Elmer, aka Juanita Louise Elmer, Deceased

From the Probate Court No. 1, Bexar County, Texas
Trial Court No. 2022PC01913
Honorable Oscar J. Kazen, Judge Presiding[1]

Opinion by:    Beth Watkins, Justice

Sitting:    Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: March 6, 2024

AFFIRMED

Appellant Daniel Kiley Selby challenges a probate court order enforcing a settlement agreement. We affirm the probate court's order.

### BACKGROUND

Selby and appellee Laurel Collier are the adult children of Juanita Williams, also known as Juanita Elmer, who died on March 13, 2022. At the time of her death, Juanita was married to Timothy Wayne Elmer, and she, Timothy, and Selby lived in a home on Denton Drive in San Antonio. The probate court found that Timothy, Selby, and Collier are the only persons with a potential interest in Juanita's estate.

---

[1] The Honorable Oscar J. Kazen is the presiding judge of Bexar County Probate Court No. 1. However, the Honorable Barbara Scharf-Zeldes, Associate Judge, signed the order at issue in this appeal.

Collier filed an Application to Determine Heirship and an Application for Letters of Dependent Administration, in which she alleged that Juanita died intestate. Selby filed a competing Application to Probate Will and for Issuance of Letters Testamentary, which alleged that Juanita left a valid will appointing Selby as independent executor of her estate. Collier subsequently moved to disqualify Selby as independent executor.

On October 24, 2022, Timothy, Selby, and Collier signed a handwritten Rule 11 agreement regarding the administration and distribution of Juanita's estate, and they filed that agreement in the probate court. On October 27, 2022, the parties and their attorneys signed a typed Family Settlement and Release Agreement (the FSA), which they also filed in the probate court. In the FSA, the parties agreed, inter alia:

- Collier would serve as independent administrator of the estate;

- Selby would vacate the Denton Drive residence "on or before 11:59 p.m. on December 31, 2022," the residence would be sold pursuant to the terms of the agreement, and Selby would receive 33% of the "net sales proceeds" as that term was defined by the FSA;[2]

- a 2015 Kia Soul would be re-titled in Selby's name within 20 days of the signing of the FSA; and

- any party who violated the terms of the FSA would "be subject to penalties imposed by Probate Court No. ONE of Bexar County, Texas."

After the parties signed and filed the FSA, Selby non-suited his application to probate Juanita's will. Collier took her oath as independent administrator on November 7, 2022. On January 30, 2023, she filed an inventory, appraisement, and list of claims, which the probate court approved on February 3, 2023.

On February 13, 2023, Collier filed a "Motion to Enforce Family Settlement Agreement and for Breach of Contract, and Request for Sanctions." In her motion, Collier alleged Selby had

---

[2] The record appears to show that Timothy moved out of the Denton Drive residence before the parties signed the FSA.

not vacated the Denton Drive residence and therefore had failed to comply with and/or breached the FSA. Collier requested monetary damages, sanctions, attorney's fees, and court costs. Selby filed a written response arguing that Collier did not timely present him with a clear title to the 2015 Kia Soul and that her actions prevented him from complying with his obligations under the FSA. After considering the evidence and argument presented by the parties during a March 22, 2023 hearing, the probate court granted Collier's motion to enforce the FSA.

Selby now appeals. On September 5, 2023, Collier filed a motion to dismiss this appeal for want of jurisdiction, and we carried that motion with the appeal. Timothy has not entered an appearance in this appeal.

## ANALYSIS

### *Motion to Dismiss*

Because reaching the merits of Selby's arguments, we must address Collier's pending motion to dismiss this appeal. Collier primarily argues we lack jurisdiction to consider Selby's arguments because the probate court's order is not a final judgment and does not fall within a statutory list of appealable interlocutory orders.[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a).

Generally, we have jurisdiction on direct appeal to review: (1) final judgments that dispose of all parties and all claims; and (2) interlocutory appeals that are authorized by statute. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). However, "[p]robate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain

---

[3] Collier also argues we should dismiss the appeal because Selby did not timely file his appellate brief. However, Selby filed his brief the day after Collier filed her motion to dismiss. We therefore decline to dismiss the appeal for this reason. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 260 (Tex. 2022) ("Texas law greatly favors resolving litigation on the merits rather than on procedural technicalities.").

discrete issues.'" *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192). The Texas Supreme Court has adopted the following test to determine whether a probate order is appealable:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)).

There is no express statute providing that the order at issue here is appealable. Accordingly, we must determine whether the order "'dispose[d] of all issues in the phase of the proceeding for which it was brought.'" *In re Est. of Ruiz*, No. 04-22-00650-CV, 2023 WL 242735, at *2 (Tex. App.—San Antonio Jan. 18, 2023, no pet.) (mem. op.) (quoting *De Ayala*, 193 S.W.3d at 578).

In this phase of the proceeding, Collier asked the probate court to conclude: (1) the FSA was a valid contract; (2) Collier "performed all parts of the Agreement that she is currently able to perform"; (3) Selby breached and/or failed to comply with the contract by not timely vacating the Denton Drive residence; and (4) the estate was damaged by Selby's breach and/or failure to comply. She also asked the probate court to order Selby to pay monetary damages, attorney's fees, court costs (including eviction costs),[4] and sanctions for his failure to comply with and breach of the FSA.

The probate court's order resolved each of these issues in Collier's favor. The order also specified that the amounts Selby was ordered to pay would be deducted from his share of the proceeds of the estate—a share that had already been determined by the FSA. Collier's motion to

---

[4] The record shows that Collier filed a successful forcible detainer action against Selby in a separate proceeding. The forcible detainer action is not at issue in this appeal.

dismiss this appeal does not identify any issues or parties in this "particular phase of the proceedings" that were left unresolved by the order enforcing the settlement agreement, and we see no such issues in the record before us.[5] *See De Ayala*, 193 S.W.3d at 579; *Crowson*, 897 S.W.2d at 783.

This record does not support Collier's argument that the probate court's order "merely set[] the stage" for a later resolution. *Cf. Est. of Ruiz*, 2023 WL 242735, at *2–3. Instead, the record shows the order resolved a substantive issue "that, if asserted independently, would be the proper subject of a lawsuit." *De Ayala*, 193 S.W.3d at 578. "Because no issues raised in [Collier's motion to enforce the settlement agreement] remained unresolved," we have jurisdiction to review the order enforcing the settlement agreement. *See In re Guardianship of Macer*, 558 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2018, no pet.). We therefore deny Collier's motion to dismiss and turn to the merits of Selby's appellate complaints.

### *Selby's Defensive Issues*[6]

In his third and fourth issues, Selby argues the probate court erred by rejecting his defensive theories of "frustration of performance" and that Collier breached the FSA first. In his fifth issue,

---

[5] We note that Selby's answer to Collier's motion requested exemplary damages and sanctions for Collier's purported breaches of the FSA. The probate court's order did not expressly dispose of these claims. However, Selby's request for damages and sanctions arose out of his claim that his failure to comply with the FSA was Collier's fault, not his own. By concluding that Selby breached the FSA and the estate was entitled to damages, attorney's fees, court costs, and penalties as a result of that breach, the probate court necessarily rejected Selby's defensive issues and his accompanying claims for damages and sanctions. *See Lehmann*, 39 S.W.3d at 200 ("The language of an order or judgment cannot make it interlocutory when, in fact, on the record, it is a final disposition of the case."); *see also Gobezie v. Castillo*, No. 05-16-00841-CV, 2018 WL 1044271, at *3 n.3 (Tex. App.—Dallas Feb. 26, 2018, no pet.) (mem. op.) (holding trial court "necessarily rejected" party's affirmative defense by rendering judgment for other party).

[6] In support of his defensive issues, Selby cites "*Doe v. Smith*, 556 S.W.2d 123 (Tex. App. 2020)," "*Smith v. Johnson*, 543 S.W.2d 123 (Tex. 2019)," "*Doe v. Smith*, 552 S.W.2d 123 (Tex. App. 2021)," "*Doe v. Smith*, 575 S.W.2d 456 (Tex. App. 2021)," and "*Smith v. Johnson*, 537 S.W.3d 550 (Tex. 2017)." These cases appear to be fictitious. We hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52–53 (Tex. App.—San Antonio 1999, pet. denied). "Although [Selby] is not an attorney, [he] has acted as one by representing [him]self pro se," and thus owed a duty of candor to this court. *Serrano v. Pellicano Park, L.L.C.*, 441 S.W.3d 517, 520 (Tex. App.—El Paso 2014, pet. dism'd w.o.j.); *see also* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.03 ("A lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal[.]").

he contends the probate court should have refused to hear Collier's motion to enforce because she was the first party to breach the FSA. Because we understand these issues as affirmative defenses to Collier's claims that Selby breached the FSA, we will consider them first. *See Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155–56 (Tex. 2015) (noting an affirmative defense, if proven, "will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true") (internal quotation marks omitted).

### *Standard of Review and Applicable Law*

"Settlement agreements must satisfy the requirements of [Texas Rule of Civil Procedure] 11 to be enforceable." *Araiza v. Bumb*, No. 14-18-00633-CV, 2019 WL 3725554, at *2 (Tex. App.—Houston [14th Dist.] Aug. 8, 2019, no pet.) (mem. op.) (citing *Kennedy v. Hyde*, 682 S.W.2d 525, 528–29 (Tex. 1984)). Here, Selby did not argue below or in his opening brief that the FSA did not satisfy the requirements of Rule 11.[7] *See* TEX. R. CIV. P. 11.

We review a trial court's enforcement of a settlement agreement for abuse of discretion. *Araiza*, 2019 WL 3725554, at *1. A trial court abuses its discretion if its ruling is arbitrary, unreasonable, or made without reference to guiding rules and principles. *See id.*; *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

### *Application*

#### A.     Preservation of Selby's defensive issues

Collier argues Selby waived his defensive issues because he did not assert them in the probate court. As a prerequisite to appellate review, an appellant generally must show that he raised his complaint in the trial court and obtained a ruling on it. TEX. R. APP. P. 33.1(a); *USAA Tex.*

---

[7] Selby's reply brief contends for the first time that "[i]f the expenses awarded were not documented as part of the written agreement or were not part of the court record, then the award may not comply with Rule 11." Because Selby's opening brief did not dispute that the FSA met Rule 11's requirements, he has waived any argument on that point. *See Jennings v. Jennings*, 625 S.W.3d 854, 868–69 (Tex. App.—San Antonio 2021, pet. denied).

*Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 510 (Tex. 2018). Here, as explained below, Selby argued in the probate court that Collier breached the FSA first. However, he did not argue below that the probate court should refuse to consider Collier's motion to enforce the FSA for that reason. Accordingly, he has not preserved his fifth issue for our review, and we will not consider it. TEX. R. APP. P. 33.1(a); *Menchaca*, 545 S.W.3d at 510.

We reach a different conclusion on the preservation of Selby's third and fourth issues. Selby's answer to Collier's motion argued: (1) the FSA required Collier to title the 2015 Kia Soul in Selby's name within 20 days of the date the parties signed it; (2) Collier did not comply with this term; and (3) Collier's non-compliance prevented Selby from selling the vehicle in October of 2022 and was "directly responsible for [him] being unable to move out of" the Denton Drive residence before December 31, 2022. These allegations conform with Selby's third and fourth issues on appeal. *Cf. Watts v. Watts*, 396 S.W.3d 19, 23 (Tex. App.—San Antonio 2012, no pet.). Selby therefore preserved those issues for our review.

2.     Merits of Selby's defensive issues

Under some circumstances, one party's material breach of a contract can excuse the other party's future performance under the contract. *See Earth Power A/C & Heat, Inc. v. Page*, 604 S.W.3d 519, 524 (Tex. App.—Houston [14th Dist.] 2020, no pet.). "A material breach is conduct that deprives the injured party of the benefit that it reasonably could have anticipated from the breaching party's full performance." *Id.*

It is undisputed that Collier did not re-title the vehicle in Selby's name within 20 days of the date the parties signed the FSA. We note, however, that the FSA recited Selby's express acknowledgment "that the Texas Department of Motor Vehicles may choose not to issue a new title until after [Collier] has qualified as Independent Administrator." Collier testified that she tried to timely re-title the vehicle but was delayed by bureaucratic challenges. Additionally, while it is

unclear from the record when Selby actually received the title, Collier's attorney represented to the probate court—and Selby did not dispute—that when Selby initially received a copy of the title, he "washed it in the washing machine and we had to get another title issued[.]"[8] The probate court did not behave arbitrarily or unreasonably by concluding that these facts did not show a material breach of Collier's obligations under the FSA. *See id.*

Moreover, Selby has never argued that the benefit he anticipated from Collier's performance was legal ownership of the vehicle in his own name on a date certain. *See id.* Instead, he argued both below and on appeal that he could have sold the vehicle for a higher price if Collier re-titled it sooner. He also argued that because Collier did not do so, he could not afford to move out of the Denton Drive residence. But Collier testified that she sold the vehicle for $11,000 and tendered that amount to Selby approximately two weeks before the FSA required him to leave the Denton Drive residence. Selby conceded below that he received the money and did not use it to move out of the home. And, significantly, he did not present any evidence to support his claim of an earlier, higher offer for the vehicle. *See, e.g.*, *Zorrilla*, 469 S.W.3d at 156 (party who asserts affirmative defense has burden to plead and prove the defense).

This record would allow a rational factfinder to conclude that Collier's breach of the FSA, if any, did not deprive Selby of the benefit he reasonably could have anticipated from Collier's full performance and therefore did not excuse Selby's obligation to leave the Denton Drive residence. *See Earth Power*, 604 S.W.3d at 524. Accordingly, Selby has not shown that the probate court erred by rejecting his defensive theories that Collier breached the FSA first or otherwise frustrated Selby's ability to comply with the FSA.

We overrule Selby's third, fourth, and fifth issues.

---

[8] This representation is consistent with statements Selby made in a January 11, 2022 letter to the probate court.

### *Factual Sufficiency*

In his first issue, Selby argues the probate court did not "consider the totality of the evidence" and relied "on statements lacking factual sufficiency" in determining the monetary awards to the estate. In his second issue, he contends the awards were "disproportionately high in relation to the evidence presented." Because we understand these issues to challenge the sufficiency of the evidence to support the monetary awards, we consider them together.

### *Standard of Review and Applicable Law*

Where, as here, an appellant challenges the factual sufficiency of the evidence to support adverse findings on which he did not bear the burden of proof below, we must "review all of the evidence in a neutral light" and may not reverse a challenged finding unless the evidence supporting it "is so contrary to the overwhelming weight of the evidence as to make the judgment clearly wrong and manifestly unjust." *Apache Corp. v. Castex Offshore, Inc.*, 626 S.W.3d 371, 383 (Tex. App.—Houston [14th Dist.] 2021, pet. denied). In conducting this review, "we may not pass upon the credibility of witnesses or substitute our judgment for that of the factfinder, even if the evidence would clearly support a different result." *Id.*

### *Application*

The probate court awarded the estate damages in the amount of "$10,000 as a result of [Selby's] failure to comply and breach of contract related to the Family Settlement Agreement." The evidence and argument presented below and the court's statements on the record show that this award consisted of: $317.48 for an outstanding water bill; $2,287 for an outstanding electric bill; $1,189.22 for homeowners' insurance; $1,323.90 for property taxes; and $4,950 in rent ($1,650 for each of the three months between Selby's required move-out date and the date of the hearing). Adding those amounts together yields a total of $10,067.60.

Selby argues the evidence underlying these amounts "included contradictory statements and incomplete information," and he identifies some of these purported contradictions. While he testified below that he believed some of the figures Collier presented were inaccurate, he also told the probate court, "Most of this stuff I don't dispute[.]" In its position as factfinder, the probate court had the sole authority to judge Selby's and Collier's respective credibility and determine the weight to give to their testimony. *See, e.g.*, *Villarreal v. Guerra*, 446 S.W.3d 404, 411 (Tex. App.—San Antonio 2014, pet. denied). After reviewing the record in its entirety, we cannot say the probate court's award of $10,000 in damages is so contrary to the overwhelming weight of the evidence as to be clearly wrong or manifestly unjust. *See Apache Corp.*, 626 S.W.3d at 383.

Selby also challenges the sufficiency of the evidence to support the probate court's award of $6,000 in attorney's fees and court costs. Collier testified that she and Timothy incurred costs and fees of $6,000 to bring the enforcement actions against Selby and that they would not have incurred those fees if Selby had timely vacated the Denton Drive residence. Selby did not present any evidence to controvert this testimony. Collier's testimony was factually sufficient evidence to support the award of costs and attorney's fees. *See id.*

Finally, Selby argues the probate court's award to the estate "appears to be disproportionately high in relation to the evidence presented." While Selby argues the award is not supported by the pleadings and the evidence, he does not identify any pleading deficiency in Collier's motion or any evidence presented below that was contrary to the probate court's order. Moreover, as Collier notes in her brief, the FSA plainly provided that any breach of the FSA would "be subject to penalties imposed by" the probate court. While this language did not grant the probate court unlimited discretion to penalize Selby, we see nothing in the record or Selby's appellate briefing to support a conclusion that the probate court's award was so unsupported by the evidence presented below as to be clearly wrong or manifestly unjust. *See id.*

We overrule Selby's first and second issues.

### *Lost Rentals*

In his sixth issue, Selby argues the probate court abused its discretion by awarding the estate damages for lost rentals. Selby contends that if Collier had attempted to rent the property during the relevant time, she would have breached the FSA by doing so. Selby did not raise this argument below and therefore has not preserved it for our review. *See* TEX. R. APP. P. 33.1(a); *Menchaca*, 545 S.W.3d at 510. Accordingly, we do not reach his sixth issue.

### *Non-Incurred Expenses*

In his final issue, Selby argues the probate court's award "should be amended in light of recent events that have taken place involving the property[.]" He contends that the order includes an award of $1,500 for cleaning and repair expenses that the estate did not actually incur. It is true that during the hearing on the motion to enforce, Collier requested an award for "unknown repairs that need to be made to the home," which she "estimated . . . to be $1,500." However, the probate court's order does not appear to include this amount. The probate court stated on the record that the damages award consisted of "the rent that could have been paid in January, February, and March, as well as the insurance, the taxes, and the utilities that have not been paid." Because the record does not support Selby's argument that the probate court's order includes the only "non-incurred" expenses he identifies in his brief, we overrule his final issue. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal.").

### CONCLUSION

We affirm the probate court's order.

Beth Watkins, Justice