

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00481-CV

**3D VENTURES CAPITAL, LLC**,
Appellant

v.

Gene **TOSCANO**, Individually and Gene Toscano, Inc.,
Appellees

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-CI-20532
Honorable Monique Diaz, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Lori I. Valenzuela, Justice
                Adrian A. Spears II, Justice
                Velia J. Meza, Justice

Delivered and Filed: July 16, 2025

AFFIRMED

In five issues, appellant 3D Ventures Capital, LLC challenges the trial court's order denying 3D's motion to dismiss pursuant to the Texas Citizens' Participation Act ("TCPA"). 3D's TCPA motion sought the dismissal of counterclaims asserted by appellees Gene Toscano, Individually and Gene Toscano, Inc. (collectively, "Toscano"). Because we conclude 3D did not establish that the TCPA applied to Toscano's counterclaims, we affirm the trial court's order.

BACKGROUND

In 2022, 3D sued Toscano, alleging he had breached a contract to sell an apartment complex to 3D. After it filed the lawsuit, 3D filed a notice of *lis pendens* regarding the apartment complex in the Bexar County property records. The notice of *lis pendens* explained that 3D had filed a lawsuit "seeking the specific enforcement of a contract for the sale of the" apartment complex.

On September 11, 2023, the trial court granted summary judgment in favor of Toscano. In its summary judgment order, the trial court decreed that 3D take nothing on its claims, denied its claim for specific performance, and ordered it to release the *lis pendens*. Because the summary judgment order did not dispose of Toscano's pending claim for attorney's fees and court costs, it was not a final judgment, and this cause remained on the trial court's docket.

On March 26, 2024, Toscano filed an original counterclaim alleging that 3D had tortiously interfered with contracts to sell the apartment complex to third parties. 3D filed a motion to dismiss Toscano's counterclaim under the TCPA, then amended its TCPA motion the next day. In both its original and amended TCPA motions, 3D argued Toscano's tortious interference counterclaim was a legal action based on or in response to 3D's exercise of its right to petition. As support for this assertion, 3D noted that Toscano's original counterclaim identified the filing of the *lis pendens* as an act that supported the tortious interference counterclaim.

On May 7, 2024, Toscano filed a first amended counterclaim (the "amended petition"). The amended petition alleged claims of tortious interference with an existing contract and tortious interference with a prospective contract, and it omitted the original counterclaim's references to the filing of the *lis pendens*. Instead of relying on the *lis pendens*, the amended petition alleged

only that 3D's agent, David Williams, had made statements to prospective buyers of the apartment complex that convinced those individuals not to buy the property.

Toscano also filed a response to 3D's TCPA motion. In his response, Toscano described Williams's alleged statements to Toscano's prospective buyers as "threats" and argued, *inter alia*, that 3D had not established that those alleged statements satisfied the TCPA's definition of the right to petition. 3D did not amend or supplement its TCPA motion after Toscano filed the amended petition and TCPA response.

On June 26, 2024, the trial court signed an order denying 3D's TCPA motion.[1] 3D now appeals.

## ANALYSIS

### *Standard of Review and Applicable Law*

"The TCPA's stated purpose is 'to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.'" *Sanchez v. Striever*, 614 S.W.3d 233, 241 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (quoting TEX. CIV. PRAC. & REM. CODE § 27.002). A motion to dismiss under the TCPA is subject to a three-part analysis. First, the TCPA movant must demonstrate that the opposing party's "legal action is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association" as those rights are defined by the TCPA. TEX. CIV. PRAC. & REM. CODE §§ 27.003(a), 27.005(b). Whether the TCPA applies to a particular claim is an issue of statutory construction we review *de novo. Youngkin v.*

---

[1] 3D's notice of appeal and appellate briefing challenge a June 26, 2024 order signed by the Honorable Nadine M. Nieto. The clerk's record contains a second June 26, 2024 order denying 3D's TCPA motion that was signed by the Honorable Monique Diaz. The two orders are identical except for the judges' signatures, and our analysis applies to both orders.

*Hines*, 546 S.W.3d 675, 680 (Tex. 2018). "When it is clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

If the movant shows the TCPA applies, the burden shifts to the respondent to "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE § 27.005(c). If the respondent establishes a prima facie case, the movant can nonetheless show it is entitled to a dismissal if it "establishes an affirmative defense or other grounds on which [it] is entitled to judgment as a matter of law." *Id.* § 27.005(d).

We review a trial court's denial of a TCPA motion to dismiss *de novo*. *Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 603 (Tex. App.—San Antonio 2018, pet. denied). In reviewing a ruling on a TCPA motion, "[w]e view the pleadings and evidence in the light most favorable to the nonmovant." *Id.*

### *Application*

In its first two issues on appeal, 3D argues it met its initial burden to show the TCPA applied to Toscano's counterclaims.

### *Scope of Our Review*

In its first issue, 3D contends the parties "stipulated to the trial court . . . that the sole issue governing applicability of the TCPA to this action is whether Toscano's filing of its Amended Petition was somehow barred under the TCPA or should otherwise be disregarded by the [trial] Court." It also represents that the parties submitted supplemental briefing to the trial court on this issue. 3D appears to suggest that our appellate review of the TCPA's applicability is limited by the purported stipulation.

Nothing in the appellate record indicates that the parties made or the trial court accepted any stipulations on the TCPA's applicability to this action. While 3D's brief states that the parties made the purported stipulations during the hearing on the TCPA motion, the transcript of that hearing has not been made part of the appellate record. Additionally, although the order denying 3D's TCPA motion states that the trial court considered "the post-hearing submissions of the parties," the submissions themselves are not included in the appellate record. The sole document 3D cites for its assertions on this point appears only in the appendix to its appellate brief. Because that document is not included in the clerk's record, we cannot consider it. *See, e.g.*, *Democratic Schs. Rsch., Inc. v. Rock*, 608 S.W.3d 290, 305 (Tex. App.—Houston [1st Dist.] 2020, no pet.) ("Documents attached as exhibits or appendices to briefs do not constitute formal inclusion of such documents in the record on appeal, and we cannot consider matters outside the record in our review.").

Moreover, even if the purported stipulation were properly before us, 3D has not cited any authority to support a conclusion that it would limit our *de novo* review in this appeal. To the extent that 3D argues we may not conduct a full review of whether it met its initial burden to show the TCPA applies, we overrule that argument.

*Applicability of the TCPA*

In its second issue, 3D argues it established that the TCPA applied to Toscano's tortious interference counterclaims. Toscano's counterclaims are a "legal action" as defined by the TCPA. TEX. CIV. PRAC. & REM. CODE § 27.001(6). We must therefore determine whether that legal action implicated a right protected by the TCPA.

*1.      Toscano's original counterclaim and amended petition*

As a threshold matter, we note that 3D argues that its TCPA motion was not rendered moot by Toscano's filing of the amended petition. We agree. It is well-established that "[a]n amended petition adds to or withdraws from that which was previously pleaded to correct or to plead new matter, and completely replaces and supersedes the previous pleading." *Fawcett v. Grosu*, 498 S.W.3d 650, 658 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). "Once a pleading is amended and filed, all prior petitions are superseded and the previous pleading 'shall no longer be regarded as a part of the pleading in the record of the cause.'" *Id.* at 659 (quoting TEX. R. CIV. P. 65). However, a plaintiff's right to nonsuit or amend a cause of action cannot "operate to divest [the opposing party] of their right to affirmative relief." *Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 468–69 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd).

A TCPA motion to dismiss, which allows the movant to seek "a dismissal with prejudice, attorney's fees, and sanctions . . . constitutes an affirmative request for relief." *Id.* at 468 (internal quotation marks omitted). 3D was therefore entitled to be heard on its TCPA motion even after Toscano filed the amended petition. *See id.* at 467–69; *see also, e.g.*, *Whataburger Rests. LLC v. Fuentes*, No. 08-23-00017-CV, 2023 WL 5808849, at *3 (Tex. App.—El Paso Sept. 7, 2023, no pet.) (mem. op.) (holding amendment of plaintiff's claims did not moot pending TCPA motion); *Rauhauser v. McGibney*, 508 S.W.3d 377, 381–83 (Tex. App.—Fort Worth 2014, no pet.) (per curiam) (holding plaintiff's nonsuit did not moot pending TCPA motion), *disapproved of on other grounds by Hersh*, 526 S.W.3d at 467.

Furthermore, authority from our sister courts supports a conclusion that we should consider both the superseded original counterclaim and the amended petition in deciding whether 3D met its burden to show the TCPA applied. *See Weller v. MonoCoque Diversified Interests, LLC*, No.

03-19-00127-CV, 2020 WL 3582885, at *2–3 (Tex. App.—Austin July 1, 2020, no pet.) (mem. op.) (considering factual allegations that were omitted from amended pleading in determination of whether TCPA applied); *Gaskamp*, 596 S.W.3d at 478–82 (reviewing both superseded and live petitions to determine whether TCPA applied). We agree with that analysis and will apply it here.[2]

> In his original counterclaim, Toscano alleged:

> On October 17, 2022, [3D] filed this action and caused its attorney to record a baseless lis pendens with the Bexar County Clerk on October 18, 2022. The baseless lis pendens operated as a slander upon the title to the Property and prevented [Toscano] from selling the Property. Eventually, [Toscano] lost a prospective buyer of the Property due to [Toscano]'s inability to close and as a result of the baseless lis pendens.

The original counterclaim also alleged that after the trial court ordered the release of the *lis pendens*, 3D "acting by and through its agent DAVID WILLIAMS, continue[d] to contact prospective buyers of the Property for purposes of inducing them to breach contracts to purchase the Property from [Toscano]. This conduct has been continuous and constitutes a pattern of tortious and malicious behavior by [3D] acting by and through its agent, DAVID WILLIAMS."

> In the amended petition, Toscano asserted two causes of action: tortious interference with an existing contract (which was also alleged in the original counterclaim) and tortious interference with a prospective contract. As factual support for those causes of action, the amended petition alleged that after the real estate sale between Toscano and 3D broke down, 3D and Williams "began a campaign of tortiously interfering with [Toscano]'s efforts to sell the Property." The amended petition further alleged:

> This interference by WILLIAMS (acting on behalf of [3D]) included directly contacting the potential buyer by text message, email and telephone and inducing that buyer to terminate or breach the contract to purchase the property. This conduct

---

[2] In its brief, 3D describes the amended petition as "a belated pleading amendment that was of no legal effect whatsoever upon the Amended TCPA Motion," and it argues the trial court erred by considering the amended petition. While we agree that the filing of the amended petition did not moot 3D's TCPA motion, we disagree with 3D's assertion that the trial court erred by considering Toscano's live pleading. *See Gaskamp*, 596 S.W.3d at 478–82.

of tortious interference continued each time [Toscano] attempted to sell the Property. . . . Even following dismissal of its claims on summary judgment, [3D], acting by and through its agent DAVID WILLIAMS, continued to contact prospective buyers of the Property for purposes of inducing them to breach contracts to purchase the Property from [Toscano]. This conduct has been continuous and constitutes a pattern of tortious and malicious behavior by [3D] acting by and through its agent, DAVID WILLIAMS."

Toscano alleged that 3D's conduct was "willful and intentional" and constituted knowing interference with both existing and prospective contracts between Toscano and potential purchasers. Unlike the original counterclaim, the amended petition did not explicitly refer to the filing of the *lis pendens*.

2.      *3D's characterization of Toscano's counterclaims*

In the trial court, 3D argued Toscano's counterclaims implicated 3D's exercise of the right to petition. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(4). 3D argued the TCPA applies to this case because Toscano's legal action "aris[es] from the filing of a *lis pendens* against property" and the filing of a *lis pendens* is a "communication in or pertaining to . . . a judicial proceeding" or "communication that is reasonably likely to encourage consideration or review of an issue by a . . . judicial[] or other governmental body or in another governmental or official proceeding." *Id.* § 27.001(4)(A)(i), (4)(C).

3.      *Did 3D show that Toscano's counterclaims were based on or in response to 3D's exercise of the right to petition?*

"[T]he essential facts alleged in a pleading comprise part of the cause of action and thus part of the legal action as the TCPA defines that phrase." *Montelongo v. Abrea*, 622 S.W.3d 290, 301 (Tex. 2021). Because Toscano's original counterclaim identified the filing of the *lis pendens* as a tortious act, that factual allegation was "part of the legal action[.]" *See id.* at 300–01. If the filing of the *lis pendens* were the only factual allegation upon which Toscano relied, the analysis of whether the TCPA applied might have ended there. *See Hersh*, 526 S.W.3d at 467; *Smith v.*

*2005 Tower LLC*, No. 09-22-00350-CV, 2024 WL 3616470, at *5 (Tex. App.—Beaumont Aug. 1, 2024, pet. denied) (mem. op.) (holding that filing of *lis pendens* was "an exercise of the right to petition as defined by the TCPA").

But Toscano did not rely solely on the filing of the *lis pendens* to support his counterclaims. *See Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd) ("[W]e do not blindly accept attempts by [defendants] to characterize [plaintiffs'] claims as implicating protected expression."). In both his original counterclaim and the amended petition, Toscano alleged that 3D, acting through Williams, made tortious statements to Toscano's prospective buyers that influenced them to back out of agreements to purchase the apartment complex. Both petitions also asserted, moreover, that Williams's allegedly tortious statements to Toscano's prospective buyers continued after "dismissal of [3D's] claims on summary judgment"—*i.e.*, after the trial court had already ordered the release of the *lis pendens*. These allegations regarding Williams's alleged post-summary judgment statements were also "part of the legal action[.]" *See Montelongo*, 622 S.W.3d at 300–01; *Hersh*, 526 S.W.3d at 467 ("[T]he plaintiff's petition . . . is the best and all-sufficient evidence of the nature of the action.") (internal quotation marks omitted).

3D did not argue below that Williams made those alleged post-summary judgment statements in or pertaining to a judicial proceeding. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(4)(A). Nor did it argue that the alleged statements otherwise fell within the TCPA's definition of the right to petition or implicated other rights protected by the TCPA.[3] *See Graham*

---

[3] In its appellate brief, 3D contends that "communications by 3D to potential purchasers with a corresponding need to know of the existence of a *lis pendens* are also within the definition of communications 'based on, related to, or in response to 3D's exercise of the right to petition' and are also clearly within the scope of the first amendment right to . . . speak freely." 3D did not assert this argument in its TCPA motion, and it has not cited any authority to support it on appeal. We therefore decline to consider it. *See* TEX. R. APP. P. 33.1(a), 38.1; *Watts v. Watts*, 396 S.W.3d 19, 23 (Tex. App.—San Antonio 2012, no pet.) ("In order to preserve error for appellate review, a party's argument on appeal must comport with its argument in the trial court."). We note, however, that this argument does not contend that any statements 3D or Williams allegedly made after the release of the *lis pendens* were protected by the TCPA.

*v. Miller*, No. 05-22-00766-CV, 2023 WL 1960680, at *3–4 (Tex. App.—Dallas Feb. 13, 2023, pet. denied) (mem. op.) (concluding TCPA movant failed to show lawsuit was based on or in response to her exercise of right to petition); *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 429–30 (Tex. App.—Dallas 2019, pet. denied) (same).

When viewed in the light most favorable to Toscano, the record shows Toscano filed his tortious interference counterclaims in response to both "expression protected by the TCPA" (the filing of the notice of *lis pendens*) *and* in response to "other unprotected activity" (Williams's alleged post-summary judgment statements to Toscano's prospective buyers). *See Walker v. Hartman*, 516 S.W.3d 71, 81 (Tex. App.—Beaumont 2017, pet. denied). Stated differently, the record shows that only a portion of Toscano's legal action implicated conduct protected by the TCPA. *See Navidea Biopharmaceuticals, Inc. v. Capital Royalty Partners II, L.P.*, No. 14-18-00740-CV, 2020 WL 5087826, at *4 (Tex. App.—Houston [14th Dist.] Aug. 28, 2020, pet. denied) (mem. op.). Toscano's legal action therefore is "subject to dismissal only to the extent that it is in response to the protected conduct, as opposed to being subject to dismissal in its entirety." *Walker*, 516 S.W.3d at 81.

Texas courts have held that under circumstances like these, the TCPA movant should provide trial and appellate courts with "guidance for how to determine which claims are in response to protected rather than unprotected conduct[.]" *Beving v. Beadles*, 563 S.W.3d 399, 409 (Tex. App.—Fort Worth 2018, pet. denied); *see also Navidea*, 2020 WL 5087826, at *4–5; *Weller*, 2020 WL 3582885, at *4. "When courts are unable to identify a means to determine which claims are in response to protected rather than unprotected communications, a trial court does not err by denying the [TCPA] motion." *Union Pac. R.R. Co. v. Dorsey*, 651 S.W.3d 692, 696 (Tex. App.—Houston [14th Dist.] 2022, no pet.).

On this record, we see no practicable "way to parse out which particular counterclaim is based on protected rather than unprotected conduct and to what degree[.]" *Weller*, 2020 WL 3582885, at \*4; *Navidea*, 2020 WL 5087826, at \*4–5; *Beving*, 563 S.W.3d at 409. At most, 3D established that the TCPA applied to individual factual allegations Toscano included in his original counterclaim. While the TCPA provides for the dismissal of specifically defined "legal action[s]," it does not establish a mechanism to dismiss individual factual allegations that a claimant pleads in support of a legal action. TEX. CIV. PRAC. & REM. CODE §§ 27.001(6), 27.003(a), 27.005(b). Because "[d]ismissal under the TCPA is determined on a claim-by-claim basis," *Dorsey*, 651 S.W.3d at 695, we decline to hold that the trial court was required to isolate some, but not all, of Toscano's supporting factual allegations from his pleaded causes of action. *See Whataburger*, 2023 WL 5808849, at \*6–7 (holding trial court did not err by denying TCPA motion where movant's argument split "a single negligence cause of action" into multiple TCPA analyses).

For these reasons, the trial court could have properly concluded 3D did not meet its burden to show the TCPA applied to Toscano's legal action. *See Navidea*, 2020 WL 5087826, at \*4–5. We therefore overrule 3D's first and second issues and affirm the trial court's denial of 3D's TCPA motion. Because our resolution of these issues is dispositive, we need not address 3D's remaining issues. TEX. R. APP. P. 47.1; *Navidea*, 2020 WL 5087826, at \*6.

## CONCLUSION

We affirm the trial court's order denying 3D's TCPA motion to dismiss.

Lori I. Valenzuela, Justice